## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

R.V., AS EXECUTOR DE SON TORT OF THE
ESTATE OF A.V., A MINOR, AND ON BEHALF
OF THE ESTATE OF A.V. AND THE SURVIVORS
OF THE ESTATE,

CASE NO: _____

      Plaintiff,

v.

GRINDR, LLC,

      Defendant.

_____/

## COMPLAINT

Plaintiff, R.V., as Executor De Son Tort of the Estate of A.V., a minor, and on behalf of the Estate of A.V. and the survivors of the Estate, by and through undersigned counsel, hereby sue Defendant, Grindr, LLC, a California Limited Liability Company, for damages. In support thereof, Plaintiff states the following:

## JURISDICTION AND VENUE

1. Plaintiff is, and at all times mentioned herein, was a citizen and resident of Clay County, State of Florida.

2. Defendant is, and at all times mentioned herein was, a Limited Liability Company, organized in the State of California with its principle place of business in West Hollywood, California.

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, costs, and attorney fees, and is an action between citizens of different states.

4. This Court has personal jurisdiction over Defendant because: (a) Defendant is a business entity operating, present, and/or doing business within this jurisdiction, and (b) Defendant's tortious conduct occurred within this jurisdiction.

5. This Court has federal question jurisdiction pursuant to the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S. C. § 1595(a), permitting "an individual who is a victim of a violation of this chapter" to bring civil action in "an appropriate district court of the United States".

6. Venue of this action is proper in this Court pursuant to 28 U.S.C. § 1391, as the cause of action alleged herein arose in Duval County, Florida.

## FACTUAL ALLEGATIONS

7. Plaintiff realleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

8. Defendant is a geo-social networking application for smartphones designed to facilitate the coupling of gay and bisexual men in their geographic area.  It runs on the iOS and Android mobile operating systems.  It is available for download at the Apple App Store and Google Play.

9. Defendant launched in 2009.

10. Defendant contends that it is the largest social networking application for gay, bi, trans, and queer people.  Defendant's website contends that the platform has millions of daily users who use their *location-based technology* in almost every country in every corner of the planet.  *See https://www.grindr.com/about/.*

11. Defendant's user interface shows images of men arranged from nearest to farthest away.  Users can see profiles of other users by tapping their image.  Users can chat with one another on the interface.  Users interact with the intent that the chat may ultimately lead to a date or sexual encounter.

12. At all times relevant, Defendant made and continues to make marketing efforts to solicit the business of Florida consumers.

13. Defendant's Terms and Conditions of Service Agreement states that all users accessing, downloading, using, purchasing, and/or subscribing to Defendant's mobile device,

software application, website, and any other mobile or web service or applications owned, controlled, or offered by Defendant, now or in the future, (hereinafter referred to as "Grindr Services") must do so under the Defendant's Terms and Conditions of Service (hereinafter referred to as "Terms and Conditions of Service Agreement").  *See https://www.grinder.com/terms-of-service/.*

14. Defendant's Terms and Conditions of Service Agreement states that the Terms and Conditions of Service Agreement constitutes a legally binding agreement between the user and Defendant.

15. Defendant's Terms and Conditions of Service Agreement states that accessing, downloading, using, purchasing, and/or subscribing to the Grindr Services constitutes and acknowledgement that the user read, understood, and agreed to be bound by the Terms and Conditions of Service Agreement.

16. Defendant's Terms and Conditions of Service Agreement states that no persons under the age of eighteen (18) years may directly or indirectly view, possess, or otherwise use the Grindr Services.  It is a product for adults and only adults.  Defendant's Privacy and Cookies Policy states that Grindr Services are intended only for users who are legal adults, generally eighteen (18) years of age or older. *See https://www.grindr.com/privacy-policy/?lang=en-US.*

17. Defendant's Terms and Conditions of Service Agreement states that the users consent to the collection, retention, use, and sharing of information as set forth in Defendant's Privacy and Cookie Policy.

18. At all times relevant, Grindr made no reasonable attempt to verify whether A.V. attained the age of eighteen (18) years.

19. At all times relevant, A.V. was under the age of eighteen (18) years.

20. At all times relevant, Grindr knew or should have known A.V. was under the age of eighteen (18) years and accessing, downloading, using, purchasing, and/or subscribing to Grinder Services.

21. At all times relevant, A.V. was a minor incapable of consenting to the Terms and Conditions of Service Agreement, Defendant's Privacy and Cookie Policy, any other agreement and/or purported contractual agreements that Defendant may contend to exists with A.V.

22. At all times relevant, Defendant knew or should have known that A.V. was a minor incapable of consenting to such Agreements and purported contractual agreements.

23. A.V. accessed, downloaded, used, purchased, and/or subscribed to Grindr Services on or before August 11, 2020.

24. At all times relevant, Defendant knew or should have known that A.V. accessed, downloaded, used, purchased, and/or subscribed to Grindr Services.

25. At all times relevant, Defendant knew or should have known that A.V. was a under the age of eighteen and that accessing, downloading, using, purchasing, and/or subscribing to Grinder Services was a danger to his health, safety, and wellbeing.

26. At all times relevant, Defendant knew and/or should have known that Grindr Services endanger the health, safety, and wellbeing of persons under the age of eighteen (18) years accessing, downloading, using, purchasing, and/or subscribing to Grinder Services.  For example:

    a.  Defendant's Terms and Conditions of Service Agreement states that Defendant does not conduct criminal or other background screenings of its users;

    b.  Defendant's Privacy and Cookies Policy states that the Grindr App allows users to share sensitive information, including their sexual orientation and precise location, with Defendant, the service providers who assist in running Defendant's services, and other Grindr users.  *See https://www.grindr.com/privacy-policy/?lang=en-US*;

    c.  Defendant's Privacy and Cookie Policy states that Defendant uses Personal Data from its users to access their camera, photo roll, and microphone to allow a user to share with other users, conduct partner promotions, communicate with the user for promotions, and for Automated Decision Making – such as removing non-compliant images;

    d.  Defendant's Terms and Conditions of Service Agreement states that Defendant does not verify the information provided by the users with respect to users' identity, health, physical condition, or otherwise;

    e.  Defendant's Terms and Conditions of Service Agreement states that users shall refrain from adding offensive, harassing, and pornographic material; and

     f.  Defendant's Terms and Conditions of Service Agreement states that users are prohibited from including material on a personal profile page that contains video, audio, photographs, or images of any person under the age of eighteen (18) years of age.

27. Defendant previously faced criticism for failing to screen requests by persons under the age of eighteen (18) years accessing, downloading, using, purchasing, and/or subscribing to Grinder Services.

28. Defendant previously faced criticism for physical and mental harm resulting to persons under the age of eighteen (18) years resulting from the access, download, use, purchase, and/or subscription to Grinder Services.

29. At all times relevant, Defendant undertook inadequate action, if any, to screen persons under the age of eighteen (18) years attempting to access, download, use, purchase, and/or subscribe to Grindr Services - even though Grindr Services is a product for adults and adults only.

30. Defendant's Terms and Conditions of Service Agreement denies any obligation to monitor any user's registration for Grindr Services.

31. Despite Defendant undertaking inadequate action, if any, to screen persons under the age of eighteen (18) years attempting to access, download, use, purchase, and/or subscribe to Grindr Services, Defendant's Terms and Conditions of Service Agreement argues that Defendant is not responsible for the safety of User Content.

32. Defendant's Privacy and Cookie Policy states that user profile and distance information is shared with the Grindr Community.

33. Defendant's automated software publicizes user distance information to the Grindr Community, which is another example of Grindr acting as a publisher of first party content on Grindr Services.

34. Defendant has several revenue sources including, but not limited to, its Grindr Xtra paid for subscription and advertising – especially for businesses making use of the application's geo-location features to target their advertisements to a particular neighborhood or locality. This allegation is further supported by the following:

     a.  Defendant's Privacy and Cookie Policy states that it shares user information with Ad Partners.

    b.  Defendant's Privacy and Cookie Policy states that during the past twelve months, Defendant shared the following categories of Personal Data with Defendant's third-party advertising partners who provided payment for ad placement: cookie or device IDs (such as advertising ID), connection information (such as type, carrier, speed), opt-out status and technographics (such as device model, brand, OS version).

    c.  Defendant's Privacy and Cookie Policy states that Defendant may promote programs and events with partners to offer discounts, early access, or other information or incentives to Defendant's users.

    d.  Defendant profits from third party advertisements to users of Grindr Services. *See http://grinder.com/advertise/.*

    e.  Defendant's Terms and Conditions of Service Agreement states that Grindr Services may include links to other web sites or services, whether through advertising or otherwise.

    f.  Defendant's Terms and Conditions of Service Agreement states that Parties other than Defendant may provide services or sell products via the Grindr Services.

    g.  Defendant's Terms and Conditions of Service Agreement states that Defendant and its licensees may publicly display advertisement and other information adjacent to user content, but the user is not entitled to any compensation for such advertisements.

35. Defendant's Terms and Conditions of Service Agreement denies that Grindr controls the content of User Accounts and profiles.  At all times relevant, Defendant knew or should've known this contention is inaccurate or misleading.

36. At all times relevant, Defendant acted as a publisher of first party content on its platform.

    a.  Defendant publicizes the location of users of Grindr Services on its platform.

    b.  Defendant's Terms and Conditions of Service Agreement reserves the right for Defendant to remove content.

37. At all times relevant, Defendant reserved the right to remove user content and material from Defendant's platform because Defendant knew users of Grindr Services posted content and material that is dangerous to the health, safety, and wellbeing of persons under the age of eighteen (18) years.

38. At all times relevant, Defendant undertook inadequate action, if any, to remove content and material from Defendant's platform that posed a threat to the health, safety, and wellbeing of persons under the age of eighteen (18) years.

39. Defendant undertook a duty to ensure that Grinder Services provided a safe space where users can discover, navigate, and interact with others in the Grindr Community. This contention is supported by the following:

   a. Defendant's Privacy and Cookie Policy states that Defendant provides a safe space where users can discover, navigate, and interact with others in the Grindr Community.

   b. Defendant's Terms and Conditions of Service Agreement reserves for Defendant the right to remove content.

40. Defendant's duty to ensure that Grinder Services provides a safe space where users can discover, navigate, and interact with others in the Grindr Community includes, but is not limited to, implementing adequate policies, procedures, and software to screen persons attempting to access, download, use, purchase, and/or subscribe to Grindr Services to ensure that they are over the age of eighteen (18) years. This duty is necessary to protect the health, safety, and wellbeing of persons under the age of eighteen (18) years attempting to access, download, use, purchase, and/or subscribe to Grindr Services. In addition, the duty is necessary to shield persons over the age of eighteen (18) years accessing, downloading, using, purchasing, and/or subscribing to Grindr Services from engaging in unlawful activity with children.

41. Defendant's Terms and Conditions of Service Agreement denies any obligation to monitor any user's registration for Grindr Services.

42. A.V. died on August 11, 2020.

43. A.V. accessed, downloaded, used, purchased, and/or subscribed to Grindr Services on or before August 11, 2020 resulting in A.V. being exposed to and engaged in sexual relationships and activities with adult users of Grindr Services.

44. At all times relevant, Defendant knew or should have known that A.V. was a person under the age of eighteen (18) years accessing, downloading, using, purchasing, and/or subscribing to Grindr Services and engaging in sexual relationships and activity adult users of Grindr Services.

45. At all times relevant, A.V. engaged in sexual relationships and activities with adult users of Grindr Services.

46. At all times relevant, Defendant knew or should have known that A.V. engaged in sexual relationships and activities with adult users of Grindr Services.

47. At all times relevant, Defendant knew or should have known that such activity was a threat to A.V.'s health, safety, and wellbeing.

48. At all times relevant, A.V. received valuable consideration in exchange for the sexual relationships and activities with the adult users of Grindr Services.

49. At all times relevant, Defendant also received valuable consideration because of A.V.'s access, download, use, purchase, and/or subscription to Grindr Services.

50. At all times relevant, Defendant undertook inadequate action, if any, to prevent A.V. from accessing, downloading, using, purchasing, and/or subscribing to Grindr Services - even though Grindr Services is a product for adults and adults only.

51. At all times relevant, Defendant undertook inadequate action, if any, to prevent A.V. from engaging in sexual relationships and activities with adult users of Grindr Services.

52. Defendant breached its duties of care to A.V. and the breached duties were the direct cause of A.V.'s death.

53. A.V. suffered severe emotional distress resulting from Defendant breached duties, which allowed A.V. to access, download, use, purchase, and/or subscribe to Grindr Services and engage in sexual relationships and activity adult users of Grindr Services. The emotional distress culminated in A.V.'s death from a self-inflicted gunshot wound.

54. But for Defendant breached its duties, A.V. would not have suffered such severe emotional distress, bodily injuries, and untimely death.

55. At all times relevant, Defendant profited from A.V. and other persons under the age of eighteen (18) years that accessed, downloaded, used, purchased, and/or subscribed to Grindr Services and engaged in sexual relationships and activity adult users of Grindr Services.

56. Defendant knowingly, in or affecting interstate commerce, recruited, enticed, harbored, transported, provided, or obtained by other means persons under the age of eighteen (18) years to engage in commercial sex acts in violation of 18 U.S.C. § 1595. A.V. was a victim of such activity. A.V.'s death is a direct result of such activity.

57. Defendant knowingly benefited, financially or by receiving something of value, from participating in a venture which, in or affecting interstate commerce, recruited, enticed, harbored, transported, provided, or obtained by other means persons under the age of eighteen (18) years that are caused to engage in commercial sex acts in violation of 18 U.S.C. § 1595.  A.V. was a victim of such activity.  A.V.'s death is a direct result of such activity.

**DEFENDANT KNOWINGLY AND INTENTIONALLY BENEFITED FINANCIALLY FROM THE SEXUAL GROOMING AND EXPLOITATION OF MINORS  ACCESSING, DOWNLOADING, USING, PURCHASING, AND/OR SUBSCRIBING TO GRINDR SERVICES**

58. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

59. At all times relevant, Defendant knew or should have known that A.V. was a person under the age of eighteen (18) years.

60. At all times relevant, Defendant knew or should have known that A.V. accessed, downloaded, used, purchased, and/or subscribed to Grindr Services.

61. At all times relevant to this matter, Defendant faced criticism for failing to implement reasonable precautions to prevent persons under the age of eighteen (18) years from accessing, downloading, using, purchasing, and/or subscribing to Grinder Services.

    a. "Child Molesters Moving to Grindr to Find Underage Victims." Queerty, Queerty, 28 Apr. 2010, https://www.queerty.com/child-molesters-moving-to-grindr-to-find-underage-victims-20100428.

    b. Jozsa, Kyle, et al. "'Safe behind My Screen': Adolescent Sexual Minority Males' Perceptions of Safety and Trustworthiness on Geosocial and Social Networking Apps." Archives of Sexual Behavior, vol. 50, no. 7, 2021, pp. 2965–2980., https://doi.org/10.1007/s10508-021-01962-5.

    c. Macapagal, Kathryn, et al. "Hookup App Use, Sexual Behavior, and Sexual Health among Adolescent Men Who Have Sex with Men in the United States." Journal of Adolescent Health, vol. 62, no. 6, 2018, pp. 708–715., https://doi.org/10.1016/j.jadohealth.2018.01.001.

    d.  McKim, Jenifer. "How Grindr, a Popular Gay Dating App, Poses Exploitation Risk to Minors." NPR, NPR, 3 Aug. 2021, https://www.npr.org/2021/08/03/1024108203/how-grindr-a-popular-gay-dating-app-poses-exploitation-risk-to-minors#:~:text=men%20seeking%20men.-,But%20many%20underage%20boys%20are%20using%20it%20to%20hook%20up,of%20sexual%20exploitation%20and%20trafficking.

    e.  Mendez II, Moises. "The Teens Slipping Through the Cracks on Dating Apps." The Atlantic, Atlantic Media Company, 6 June 2022, https://www.theatlantic.com/family/archive/2022/06/teens-minors-using-dating-apps-grindr/661187/.

    f.  McKim, Jenifer B., et al. "Unseen, Part 3: Popular Gay Dating App Grindr Poses Exploitation Risk to Minors." News, GBH, 26 Jan. 2022, https://www.wgbh.org/news/national-news/2021/07/12/popular-gay-dating-app-grindr-poses-exploitation-risk-to-minors.

    g.  "There Are a Lot of Child Sexual Assaults on Grindr. Here's Why." Protect Children from Meeting Strangers Online with SaferKid™, https://www.saferkid.com/blog/there-are-a-lot-of-child-sexual-assaults-on-grindr-here-s-why.

    h.  Smith, S.E. "The Real Problem with Children Using Hookup Apps." The Daily Dot, 2 Sept. 2014, https://www.dailydot.com/.

62.  At all times relevant to this matter, Defendant faced criticism for the physical and mental harm suffered by persons under the age of eighteen (18) years from their access, download, use, purchase, and/or subscription to Grinder Services.

    a.  Smith, S.E. "The Real Problem with Children Using Hookup Apps." The Daily Dot, 2 Sept. 2014, https://www.dailydot.com/.

    b.  McKim, Jenifer B., et al. "Unseen, Part 3: Popular Gay Dating App Grindr Poses Exploitation Risk to Minors." News, GBH, 26 Jan. 2022, https://www.wgbh.org/news/national-news/2021/07/12/popular-gay-dating-app-grindr-poses-exploitation-risk-to-minors.

    c.  Mendez II, Moises. "The Teens Slipping Through the Cracks on Dating Apps." The Atlantic, Atlantic Media Company, 6 June 2022,

https://www.theatlantic.com/family/archive/2022/06/teens-minors-using-dating-apps-grindr/661187/.

   d.  Suto, Daniel J., et al. "Geosocial Networking Application Use among Sexual
       Minority Adolescents." Journal of the American Academy of Child & Adolescent
       Psychiatry, vol. 60, no. 4, 2021, pp. 429–431.,
       https://doi.org/10.1016/j.jaac.2020.11.018.

   e.  "Texas Teacher Who Committed Suicide After Being Snagged in Underage
       Grindr Sex Sting Was Unfairly Set Up by Cops, Family Says." Criminal Legal
       News, 20 Aug. 2021,
       https://www.criminallegalnews.org/news/2021/aug/20/texas-teacher-who-
       committed-suicide-after-being-snagged-underage-grindr-sex-sting-was-unfairly-
       set-cops-family-says/.

   f.  "There Are a Lot of Child Sexual Assaults on Grindr. Here's Why." Protect
       Children from Meeting Strangers Online with SaferKid™,
       https://www.saferkid.com/blog/there-are-a-lot-of-child-sexual-assaults-on-grindr-
       here-s-why.

   g.  McKim, Jenifer B., et al. "Unseen, Part 3: Popular Gay Dating App Grindr Poses
       Exploitation Risk to Minors." News, GBH, 26 Jan. 2022,
       https://www.wgbh.org/news/national-news/2021/07/12/popular-gay-dating-app-
       grindr-poses-exploitation-risk-to-minors.

   h.  Taylor, Samuel Hardman, et al. "Social Consequences of Grindr Use."
       Proceedings of the 2017 CHI Conference on Human Factors in Computing
       Systems, 2017, https://doi.org/10.1145/3025453.3025775.

63. At all times relevant to this matter, Defendant knew that users of Grindr Services –
    especially persons under the age of eighteen (18) years – are exposed to physical danger
    because of their access, download, use, purchase, and/or subscription to Grinder Services.

   a.  Dean, Sam, "Grinder's new owners are straight. They say that's OK"; Los Angelas
       Times, July 2, 2020. from accessing, downloading, using, purchasing, and/or
       subscribing to Grinder Services.

64. At all times relevant to this matter, Defendant was capable of preventing persons under the age of eighteen (18) years from accessing, downloading, using, purchasing, and/or subscribing to Grinder Services. *See https://sightengine.com/detect-minor-children.*

65. Defendant introduced Grindr Tribes, allowing users of Grinder Services to identify themselves with a niche group and filter their searches to better find their type. The Grindr Tribes include "Daddy" and "Twink".

66. The creation of the Twink Tribe made persons under the age of eighteen (18) years feel welcome to access, download, use, purchase, and/or subscribe to Grinder Services.

67. Users of Grinder Services can more efficiently identify persons under the age of eighteen (18) years by narrowing the search results to the Twink Tribe.

68. Users of Grinder Services can filter user profiles by Tribe.  efficient system for filtering user profiles to identify users that are under the age of eighteen (18) years.

69. Defendant knowingly and intentionally allows users that are under the age of eighteen (18) years to access, download, use, purchase, and/or subscribe to Grindr Services.  In turn, Defendant served them up on a silver platter to the adult users of Grindr Services intentionally seeking to sexually groom or engage in sexual activity with persons under the age of eighteen (18) years.

70. At all times relevant, the presence of  persons under the age of eighteen (18) years on Grindr Services created a niche market – separating Defendant from its competitors – and increasing Defendant's market share and profitability.

71. At all times relevant, Defendant failed to implement adequate safeguards to prevent minors from accessing Grindr services because such action is not in Defendant's financial interest.

72. Defendant acts as a publisher of first party content on its platform.

    a. Defendant publicizes the location of users of Grinder Services on its platform.

    b. Defendant's Terms and Conditions of Service Agreement reserves the right for Defendant to remove User Content.

73. Defendant knowingly benefited - financially or by receiving something of value - by participating in a venture which, in or affecting interstate commerce, recruited, enticed, harbored, transported, provided, or obtained by other means persons under the age of eighteen (18) years that are caused to engage in commercial sex acts in violation of

18 U.S.C. § 1595.  A.V. was a victim of such activity.  A.V.'s death is a direct result of such activity.

74. Congress never intended for the immunity granted under Section 230 of the federal "Communications Decency Act" ("CDA") to give Defendant a safe haven to profit from the sexual grooming and sexual exploitation of persons under the age of eighteen (18) years accessing, downloading, using, purchasing, and/or subscribing to Grindr Services.

**COUNT I**
**WRONGFUL DEATH - TRAFFICKING VICTIMS PROTECTION**
**REAUTHORIZATION ACT**

75. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

76. The TVPRA permits a victim of sex trafficking to bring a civil action against the perpetrator or whoever knowingly benefits financially or by receiving anything of value from participation in a venture which that person knew or should have known involved an act in violation of the Chapter.

77. Accordingly, the TVPRA permits this Count.  A.V. was a victim of such activity and Defendant knowingly benefited from participating in a venture involving activities that violated the TVPRA.

78. Under the TVPRA, "Whoever knowingly— (1)  in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person; or (2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1), knowing, or, except where the act constituting the violation of paragraph (1) is advertising, in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b)." 18 U.S.C. § 1591(a).

79. Under § 1595(a), not only perpetrators, but also "whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew

or should have known has engaged in an act in violation of this chapter" is held civilly liable.

80. At all times relevant, Defendant knowingly used instrumentalities of interstate commerce in violation of 18 U.S.C. § 1591 and § 1595.

81. At all times relevant, Defendant knowingly benefited financially from persons under the age of eighteen (18) years accessing, downloading, using, purchasing, and/or subscribing to Grindr Services to engage in sexual relationships and activity with adult users of Defendant's services.

82. At all times relevant, Defendant knowingly benefited financially from A.V. accessing, downloading, using, purchasing, and/or subscribing to Grindr Services to engage in sexual relationships and activity with adult users of Grindr Services.

83. At all times relevant, Defendant knowingly benefited financially from adults accessing, downloading, using, purchasing, and/or subscribing to Grindr Services to engage in sexual relationships and activity with underage users of Defendant's services.

84. At all times relevant, Defendant knowingly, in or affecting interstate commerce, recruited, enticed, harbored, transported, provided, or obtained by other means persons under the age of eighteen (18) years to engage in commercial sex acts in violation of 18 U.S.C. § 1591 and § 1595.  A.V. was a victim of such activity.

85. At all times relevant, Defendant knowingly benefited, financially or by receiving something of value, from participating in a venture which, in or affecting interstate commerce, recruited, enticed, harbored, transported, provided, or obtained by other means persons under the age of eighteen (18) years to engage in commercial sex acts in violation of 18 U.S.C. § 1591 and § 1595.  A.V. was a victim of such activity.

86. As a direct and proximate result of previously mentioned violation of Federal law, A.V. suffered severe emotional distress culminating and causing his death.

87. The statutory survivors of A.V., deceased, are as follows:

    a. The Estate of A.V., for the payment of medical expenses, burial and funeral expenses as defined by Fla. Stat. § 768.21.

    b. A.V.'s father, Richard Venable – mental pain and suffering, anguish, loss of decedent's companionship, loss of decedent's support and services, all both past and future as defined by Fla. Stat. § 768.21.

    c.  A.V.'s mother, Traci Venable – mental pain and suffering, anguish, loss of decedent's companionship, loss of decedent's support and services, all both past and future as defined by Fla. Stat. § 768.21.

88. As a direct and proximate result of the subject incident, and Defendant's violation of the previously mentioned Federal law in causing the death of the A.V., the survivors of A.V., have lost the support, love, affection, comfort, and companionship of A.V., and have experienced mental pain and suffering in the past and will continue to suffer such losses in the future.

89. The survivors of A.V. also seek punitive damages, in an amount to be proven at trial, including prejudgment interest thereon.

90. The survivors of A.V. also seek all forms of injunctive relief to bring Defendant in compliance with the TVPRA.

91. WHEREFORE, Plaintiff, R.V., as Executor De Son Tort of the Estate of A.V., a minor, and on behalf of the Estate of A.V. and the survivors of the Estate, demands judgment against Defendant, Grindr, LLC, plus costs of this action, pre-judgment interest, and demands a trial by jury.


## COUNT II
## WRONGFUL DEATH - STRICT LIABILITY PRODUCT DESIGN DEFECT

92. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

93. At all times relevant, Defendant was designer, manufacturer, distributer, importer, seller and/or retailers of the Grindr Services it provided to consumers.

94. Each designer, manufacturer, distributer, importer, or seller in the chain of distribution is liable for injury caused by a defective product. *Samuel Friedland Family Enterprises v. Amoroso*, 630 So. 2d 1067 (Fla. 1994); *Rivera v. Baby Trend, Inc.*, 914 So. 2d 1102 (Fla. 4th DCA 2005); *Porter v. Rosenberg*, 650 So. 2d 79 (Fla. 4th DCA 1995)

95. A product is defective because of a design defect if it is in a condition unreasonably dangerous to the user and the product is expected to and does reach the user without substantial change affecting that condition. A product is unreasonably dangerous because of its design if (1) the product fails to perform as safely as an ordinary consumer would

expect when used as intended or when used in a manner reasonably foreseeable by the manufacturer or (2) the risk of danger in the design outweighs the benefits.

96. At all times relevant, Grindr Services was unreasonably dangerous to A.V. and the ordinary consumer.

97. At all times relevant, A.V. accessed, downloaded, used, purchased, and/or subscribed to Grindr Services without substantial change affecting the product.

98. At all times relevant, Grindr Services failed to perform as safely as an ordinary consumer would expect when used as intended or when used in a manner reasonably foreseeable by the Defendant.

99. At all times relevant, Defendant knew or should have known that person(s) under that age of eighteen (18) years – including A.V. - accessed, downloaded, used, purchased, and/or subscribed to Grindr Services and that condition was unreasonably dangerous to A.V. and the ordinary consumer.

100. At all times relevant, Grindr Services were unreasonably dangerous because the danger in the design outweighed the benefits.

101. At all times relevant, Defendant knew or should have known that person(s) under that age of eighteen (18) years – including A.V. - accessed, downloaded, used, purchased, and/or subscribed to Grindr Services and engage in sexual relationships and activity with adult users of Grindr Services.

102. As a direct and proximate result of previously mentioned defective product, A.V. suffered severe emotional distress culminating and causing his death.

103. The statutory survivors of A.V., deceased, are as follows:

   a. The Estate of A.V., for the payment of medical expenses, burial and funeral expenses as defined by Fla. Stat. § 768.21.

   b. A.V.'s father, Richard Venable – mental pain and suffering, anguish, loss of decedent's companionship, loss of decedent's support and services, all both past and future as defined by Fla. Stat. § 768.21.

   c. A.V.'s mother, Traci Venable – mental pain and suffering, anguish, loss of decedent's companionship, loss of decedent's support and services, all both past and future as defined by Fla. Stat. § 768.21.

104.    As a direct and proximate result of the subject incident, and the previously mentioned defective product of this Defendant in causing the death of the A.V., the survivors of A.V., have lost the support, love, affection, comfort, and companionship of A.V., and have experienced mental pain and suffering in the past and will continue to suffer such losses in the future

105.    WHEREFORE, Plaintiff, R.V., as Executor De Son Tort of the Estate of A.V., a minor, and on behalf of the Estate of A.V. and the survivors of the Estate, demands judgment against Defendant, Grindr, LLC, plus costs of this action, pre-judgment interest, and demands a trial by jury.

## COUNT III
## WRONGFUL DEATH - NEGLIGENCE AND NEGLIGENCE PER SE PRODUCT DESIGN DEFECT

106.    Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

107.    Based on allegations articulated under the previous paragraphs, Defendant is also liable under negligence and negligence per se theories for the defectively designed Grindr Services.

108.    At all times relevant, Defendant owed a duty of care (negligence) to A.V. to exercise reasonable care to prevent foreseeable and known harms including, but not limited to, the online sexual grooming of children.

109.    At all times relevant, Defendant owed a duty of care (negligence per se) to A.V. not to violate laws, such as the TVRPA, and to exercise reasonable care to prevent foreseeable and known harms including, but not limited to, the online sexual grooming of children.

110.    At all times relevant, Defendants breached the duties by providing defectively designed services, tools, and products to A.V. that rendered no protection from the known and reasonably foreseeable harms.

111.    As a direct and proximate result of each of the previously mentioned breached duties, A.V. suffered severe emotional distress culminating and causing his death.

112.    The statutory survivors of A.V., deceased, are as follows:

a. The Estate of A.V., for the payment of medical expenses, burial and funeral expenses as defined by Fla. Stat. § 768.21.

b. A.V.'s father, Richard Venable – mental pain and suffering, anguish, loss of decedent's companionship, loss of decedent's support and services, all both past and future as defined by Fla. Stat. § 768.21.

c. A.V.'s mother, Traci Venable – mental pain and suffering, anguish, loss of decedent's companionship, loss of decedent's support and services, all both past and future as defined by Fla. Stat. § 768.21.

113.   As a direct and proximate result of the subject incident, and the previously mentioned negligence and negligence per se of this Defendant in causing the death of the A.V., the survivors of A.V., have lost the support, love, affection, comfort, and companionship of A.V., and have experienced mental pain and suffering in the past and will continue to suffer such losses in the future

114.   WHEREFORE, Plaintiff, R.V., as Executor De Son Tort of the Estate of A.V., a minor, and on behalf of the Estate of A.V. and the survivors of the Estate, demands judgment against Defendant, Grindr, LLC, plus costs of this action, pre-judgment interest, and demands a trial by jury.

## COUNT IV
## WRONGFUL DEATH - NEGLIGENCE

115.   Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

116.   Based on allegations articulated under the previous paragraphs, Defendant is also liable for negligence.

117.   At all times relevant, Defendant owed a duty of care (negligence) to A.V. to exercise reasonable care to prevent foreseeable and known harms resulting from Grindr Services including, but not limited to, the online sexual grooming of children.

118.   At all times relevant, Defendant undertook a duty to ensure that persons under the age of eighteen years do not access Grindr Services.

119.   At all times relevant, Defendant undertook a duty to remove harmful User Content from Grindr Services.

120.    At all times relevant, Defendant undertook a duty to ensure that Grindr Services was safe for users of Grindr Services – including persons under the age of eighteen (18) years accessing, downloading, using, purchasing, and/or subscribing to Grindr Services.

121.    Defendant's acts and omissions breached each of the aforesaid duties. Below are some, but not all, of Defendant's acts and omissions that breached the aforesaid duties of care owed to A.V.

   a. Defendant violated the TVPRA;

   b. Defendant knowingly, intentionally, and negligently allowed persons under the age of eighteen (18) years to access, download, use, purchase, and/or subscribe to Grindr Services;

   c. Defendant knowingly, intentionally, and negligently allowed persons under the age of eighteen (18) years to access Grindr Services and engage in sexual relationships and activity with adult users of Grindr Services;

   d. Defendant failed to undertake adequate precaution – if any – to prevent person under the age of eighteen (18) years from accessing, downloading, using, purchasing, and/or subscribing to Grindr Services;

   e. Defendant failed to undertake adequate precaution – if any – to prevent person under the age of eighteen (18) years from accessing Grindr Services to engage in sexual activity with adult users of Grindr Services;

   f. Defendant knowingly, intentionally, and negligently allowed adult users of Grindr Services to engage in or attempt to engage in sexual relationships and activity with persons under the age of eighteen (18) years accessing, downloading, using, purchasing, and/or subscribing to Grindr Services;

   g. Defendant failed to undertake adequate precaution – if any – to prevent adult users of Grindr Services from engaging in or attempting to engage in sexual relationships and activity with persons under the age of eighteen (18) years accessing, downloading, using, purchasing, and/or subscribing to Grindr Services Grindr Services;

   h. Defendant knowingly, intentionally, and negligently mispresented that Grindr Services are safe;

    i.   Defendant knowingly, intentionally, and negligently mispresented that Defendant monitors Grindr Services to remove harmful User Content; and

    j.   Other acts and omissions by Defendant described in the foregoing and subsequent paragraphs of this Complaint.

122.     The negligent actions, omissions, and conditions were caused or allowed to exist by Defendant, or were known to Defendant, or had existed for a sufficient length of time that Defendant should have known of the negligent actions, omissions, and conditions.

123.     As a direct and proximate result of each of the previously mentioned breached duties, A.V. suffered severe emotional distress culminating and causing his death.

124.     The statutory survivors of A.V., deceased, are as follows:

    a.   The Estate of A.V., for the payment of medical expenses, burial and funeral expenses as defined by Fla. Stat. § 768.21.

    b.   A.V.'s father, Richard Venable – mental pain and suffering, anguish, loss of decedent's companionship, loss of decedent's support and services, all both past and future as defined by Fla. Stat. § 768.21.

    c.   A.V.'s mother, Traci Venable – mental pain and suffering, anguish, loss of decedent's companionship, loss of decedent's support and services, all both past and future as defined by Fla. Stat. § 768.21.

125.     As a direct and proximate result of the subject incident, and the previously mentioned negligence this Defendant in causing the death of the A.V., the survivors of A.V., have lost the support, love, affection, comfort, and companionship of A.V., and have experienced mental pain and suffering in the past and will continue to suffer such losses in the future

126.     WHEREFORE, Plaintiff, Ric R.V., as Executor De Son Tort of the Estate of A.V., a minor, and on behalf of the Estate of A.V. and the survivors of the Estate, demands judgment against Defendant, Grindr, LLC, plus costs of this action, pre-judgment interest, and demands a trial by jury.

## COUNT V
## NEGLIGENCE

127.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

128.     In the alternative to the foregoing wrongful death claims, Plaintiff brings this cause of action for negligence.

129.     At all times relevant, Defendant owed a duty of care (negligence) to A.V. to exercise reasonable care to prevent foreseeable and known harms resulting from Grindr Services including, but not limited to, the online sexual grooming of children.

130.     At all times relevant, Defendant undertook a duty to ensure that persons under the age of eighteen years do not access Grindr Services.

131.     At all times relevant, Defendant undertook a duty to remove harmful User Content from Grindr Services.

132.     At all times relevant, Defendant undertook a duty to ensure that Grindr Services was safe for users of Grindr Services – including persons under the age of eighteen (18) years accessing, downloading, using, purchasing, and/or subscribing to Grindr Services.

133.     Defendant's acts and omissions breached each of the aforesaid duties.  Below are some, but not all, of Defendant's acts and omissions that breached the aforesaid duties of care owed to A.V.

   a.   Defendant violated the TVPRA;

   b.   Defendant knowingly, intentionally, and negligently allowed persons under the age of eighteen (18) years to access, download, use, purchase, and/or subscribe to Grindr Services;

   c.   Defendant knowingly, intentionally, and negligently allowed persons under the age of eighteen (18) years to access Grindr Services and engage in sexual relationships and activity with adult users of Grindr Services;

   d.   Defendant failed to undertake adequate precaution – if any – to prevent person under the age of eighteen (18) years from accessing, downloading, using, purchasing, and/or subscribing to Grindr Services;

e. Defendant failed to undertake adequate precaution – if any – to prevent person under the age of eighteen (18) years from accessing Grindr Services to engage in sexual activity with adult users of Grindr Services;

f. Defendant knowingly, intentionally, and negligently allowed adult users of Grindr Services to engage in or attempt to engage in sexual relationships and activity with persons under the age of eighteen (18) years accessing, downloading, using, purchasing, and/or subscribing to Grindr Services;

g. Defendant failed to undertake adequate precaution – if any – to prevent adult users of Grindr Services from engaging in or attempting to engage in sexual relationships and activity with persons under the age of eighteen (18) years accessing, downloading, using, purchasing, and/or subscribing to Grindr Services Grindr Services;

h. Defendant knowingly, intentionally, and negligently mispresented that Grindr Services are safe;

i. Defendant knowingly, intentionally, and negligently mispresented that Defendant monitors Grindr Services to remove harmful User Content; and

j. Other acts and omissions by Defendant described in the foregoing and subsequent paragraphs of this Complaint.

134. The negligent actions, omissions, and conditions were caused or allowed to exist by Defendant, or were known to Defendant, or had existed for a sufficient length of time that Defendant should have known of the negligent actions, omissions, and conditions.

135. As a direct and proximate result of each of the previously mentioned breached duties, A.V. suffered severe emotional distress and bodily injuries culminating and causing his death, pain and suffering, mental anguish, disability, disfigurement, loss of capacity for the enjoyment of life, medical expenses, loss of earnings, loss of ability to earn money and aggravation of a pervious conditions.

136. These losses are recoverable by the Estate of A.V.

137. WHEREFORE, Plaintiff, R.V., as Executor De Son Tort of the Estate of A.V., a minor, and on behalf of the Estate of A.V. and the survivors of the Estate, demands judgment against Defendant, Grindr, LLC, plus costs of this action, pre-judgment interest, and demands a trial by jury.

## COUNT VI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

138.      Plaintiff incorporates each and every allegation set forth above as if fully set forth
herein.

139.      In the alternative to the foregoing wrongful death claims, Plaintiff brings this cause
of action for Intentional Infliction of Emotional Distress.

140.      At all times relevant, Defendant's actions and omissions that allowed A.V. to
access, download, use, purchase, and/or subscribe to Grindr Services before reaching the
age of eighteen (18) years were extreme and outrageous, and beyond all possible bounds
of decency, and utterly intolerable in a civilized community.

141.      At all times relevant, Defendant was intentional and reckless in the actions and
omissions that ignored A.V. and other persons under the age of eighteen (18) years
accessing, downloading, using, purchasing, and/or subscribing to Grindr Services.

142.      At all times relevant, Defendant intended to cause or disregarded the substantial
probability of causing A.V. severe emotional distress.

143.      A.V. experienced emotional distress as a result of Defendant's actions and
omissions.

144.      At all times relevant, Defendant's actions and omissions directly caused A.V.'s
emotional distress.

145.      At all times relevant, Defendant was in the exclusive position to stop the harm A.V.
experienced but refused to do so.

146.      As a direct and proximate result of Defendant's intentional conduct, A.V. suffered
severe emotional distress and bodily injuries culminating and causing his death, pain and
suffering, mental anguish, disability, disfigurement, loss of capacity for the enjoyment of
life, medical expenses, loss of earnings, loss of ability to earn money and aggravation of a
pervious conditions.

147.      These losses are recoverable by the Estate of A.V.

148.      The Estate of A.V. is entitled to recover punitive or exemplary damages from
Defendant, without limitation or cap, because the actions and omissions of Defendant, its

agents, and employees showed an entire want of care that would raise the presumption of conscious indifference to consequences.  Defendant's acts and omissions involved malice, oppression, insult, wanton disregard, and/or reckless disregard of A.V.'s rights.  Punitive damages are needed to protect the public from similar acts and deter the defendant going forward.  Accordingly, the Estate of A.V. is entitled to recover punitive damages from Defendant in accordance with the enlightened conscious of an impartial jury.

149.    WHEREFORE, Plaintiff, R.V., as Executor De Son Tort of the Estate of A.V., a minor, and on behalf of the Estate of A.V. and the survivors of the Estate, demands judgment against Defendant, Grindr, LLC, plus costs of this action, pre-judgment interest, and demands a trial by jury.

## COUNT VII
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

150.    Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

151.    In the alternative to the foregoing wrongful death claims, Plaintiff brings this cause of action for Negligent Infliction of Emotional Distress.

152.    At all times relevant, Defendant owed a duty of care to A.V. to abide by its own terms of use and to prevent A.V. and other persons under the age of eighteen (18) years from accessing, downloading, using, purchasing, and/or subscribing Grindr Services.

153.    Defendant breached this duty of care to A.V.

154.    At all times relevant, Defendant was negligent in the actions and omissions that ignored A.V. and other persons under the age of eighteen (18) years accessing, downloading, using, purchasing, and/or subscribing Grindr Services.

155.    A.V. experienced emotional distress as a direct result of Defendant's breached duties, actions, and omissions.

156.    At all times relevant, Defendant's actions and omissions that allowed A.V. to access, download, use, purchase, and/or subscribe to Grindr Services before reaching the age of eighteen (18) years were extreme and outrageous, and beyond all possible bounds of decency, and utterly intolerable in a civilized community.

157.     At all times relevant, Defendant was intentional and reckless in the acts and omissions that allowed A.V. and other persons under the age of eighteen (18) years to access, download, use, purchase, and/or subscribe to Grindr Services.

158.     At all times relevant, Defendant was in the exclusion position to stop the harm A.V. experienced but refused to do so.

159.     As a direct and proximate result of Defendant's negligent conduct, A.V. suffered severe emotional distress and bodily injuries culminating and causing his death, pain and suffering, mental anguish, disability, disfigurement, loss of capacity for the enjoyment of life, medical expenses, loss of earnings, loss of ability to earn money and aggravation of a pervious conditions.

160.     These losses are recoverable by the Estate of A.V.

161.     WHEREFORE, Plaintiff, R.V., as Executor De Son Tort of the Estate of A.V., a minor, and on behalf of the Estate of A.V. and the survivors of the Estate, demands judgment against Defendant, Grindr, LLC, plus costs of this action, pre-judgment interest, and demands a trial by jury.

## COUNT VIII
## NEGLIGENT MISREPRESENTATION

162.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

163.     In the alternative to the foregoing wrongful death claims, Plaintiff brings this cause of action for Negligent Misrepresentation.

164.     At all times relevant, Defendant made statements in its Terms and Conditions of Service Agreement and Defendant was aware that the statements made therein were to be used for a particular purpose – to create a purported agreement with the users and assure the users that Defendant applied community standards to make Grindr Services safe.

165.     At all times relevant A.V. and other users of Grindr Services relied on the assurances from Defendant that Grindr Services were safe and Defendant would enforce its user policies.

166.   At all times relevant, Defendant's statements and conduct exaggerated or misstated certain facts – those relating to the oversight of its products and safety of its users.

167.   At all times relevant Defendant was negligent and/or lacking in due diligence for making such statements abut the safety of Grindr Services when in fact Defendant does not enforce safety measures including, but limited to, preventing A.V. and other persons under the age of eighteen (18) years from accessing Grindr Services.

168.   At all times relevant, Defendant was bound to A.V. by a relation or duty of care beyond a mere contract between the parties.

169.   At all times relevant, Defendant was in a special position of confidence and trust in relation to A.V.

170.   At all times relevant, Defendant was in the unique and exclusive position to stop the injuries and damages to A.V. but failed to do so.

171.   At all times relevant, A.V. relied on Defendant's misstatements. Had A.V. known that Grindr Services were not safe and Defendant did not enforce its policies, A.V. never would have become a user of Grindr Services.

172.   A.V. and Plaintiff suffered damages as a result of Defendant's negligent misrepresentation.

173.   These losses are recoverable by the Estate of A.V.

174.   The Estate of A.V. is entitled to recover punitive or exemplary damages from Defendant, without limitation or cap, because the actions and omissions of Defendant, its agents, and employees showed an entire want of care that would raise the presumption of conscious indifference to consequences. Defendant's acts and omissions involved malice, oppression, insult, wanton disregard, and/or reckless disregard of A.V.'s rights. Punitive damages are needed to protect the public from similar acts and deter the defendant going forward. Accordingly, the Estate of A.V. is entitled to recover punitive damages from Defendant in accordance with the enlightened conscious of an impartial jury.

175.   WHEREFORE, Plaintiff, R.V., as Executor De Son Tort of the Estate of A.V., a minor, and on behalf of the Estate of A.V. and the survivors of the Estate, demands judgment against Defendant, Grindr, LLC, plus costs of this action, pre-judgment interest, and demands a trial by jury.

WHEREFORE, Plaintiff, R.V., as Executor De Son Tort of the Estate of A.V., a minor, and on behalf of the Estate of A.V. and the survivors of the Estate, demand judgment against Defendant, Grindr, LLC, plus costs of this action, pre-judgment interest, and demands a trial by jury.

Dated this August 8, 2022

                                        **VILES & BECKMAN, LLC.**
                                        Attorneys for Plaintiff
                                        6350 Presidential Court
                                        Fort Myers, Florida 33919
                                        Telephone:  239-334-3933
                                        Facsimile:  239-334-7105
                                        Andrew@vilesandbeckman.com

By:                                      

                                      Andrew H. Barnett, Esquire
                                      Florida Bar Number: 112374