## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

R.V., AS EXECUTOR  DE SON
TORT OF THE ESTATE OF A.V.,
A MINOR, AND ON BEHALF OF
THE ESTATE OF A.V. AND THE
SURVIVORS OF THE ESTATE,

      Plaintiff,

vs.                                                            CASE NO:  3:22-cv-864-MMH-PDB

GRINDR, LLC,

      Defendant.

_____/

## SECOND CORRECTED COMPLAINT

      Plaintiff, R.V., as Executor De Son Tort of the Estate of A.V., a minor, and

on behalf of the Estate of A.V. and the survivors of the Estate, by and through

undersigned counsel, hereby sue Defendant, Grindr, LLC, a California Limited

Liability Company, for damages.  In support thereof, Plaintiff states the following:

## JURISDICTION AND VENUE

   1.  Plaintiff is, and at all times mentioned herein, was a citizen and resident of

Clay County, State of Florida.

   2.  Defendant is, and at all times mentioned herein was, a Limited Liability

1

Company, organized in the State of California with its principle place of business in West Hollywood, California.

3.   Upon information and belief, Grindr Holdings LLC is, and at all times mentioned herein was, the sole member of Grindr LLC.

4.   Upon information and belief, Grinder Holdings LLC is, and at all times mentioned herein was, a Limited Liability Company, organized in the State of Delaware with its principle place of business in West Hollywood, California.

5.   Upon information and belief, none of Defendant or Grinder Holdings LLC's associated members are citizens of the same state as the Plaintiff.  Plaintiff makes this allegation after conducting a reasonable inquiry into the facts alleged and consulting publicly available sources.  After conducting that inquiry, Plaintiff has no reason to believe that any of Defendant or Grinder Holdings LLC's associated members share Plaintiff's state of citizenship.

6.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, costs, and attorney fees, and is an action between citizens of different states.

7.   This Court has personal jurisdiction over Defendant because: (a) Defendant is a business entity operating, present, and/or doing business within this jurisdiction, and (b) Defendant's tortious conduct occurred within this jurisdiction.

8. This Court has federal question jurisdiction pursuant to the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S. C. § 1595(a), permitting "an individual who is a victim of a violation of this chapter" to bring civil action in "an appropriate district court of the United States".

9. Venue of this action is proper in this Court pursuant to 28 U.S.C. § 1391, as the cause of action alleged herein arose in Clay County, Florida.

## GENERAL ALLEGATIONS

10. Defendant is a geo-social networking application for smartphones designed to facilitate the coupling of gay and bisexual men in their geographic area. It runs on the iOS and Android mobile operating systems. It is available for download at the Apple App Store and Google Play.

11. Defendant launched in 2009.

12. Defendant contends that it is the largest social networking application for gay, bi, trans, and queer people. Defendant's website contends that the platform has millions of daily users who use their *location-based technology* in almost every country in every corner of the planet. *See https://www.grindr.com/about/.*

13. Defendant's user interface shows images of men arranged from nearest to farthest away. Users can see profiles of other users by tapping their image. Users can chat with one another on the interface. Users interact with the intent that the

3

chat may ultimately lead to a date or sexual encounter.

14. At all times relevant, Defendant made and continues to make marketing efforts to solicit the business of Florida consumers.

15. For this purposes of this Second Corrected Complaint, Defendant's mobile device, software application, website, and any other mobile or web service or applications owned, controlled, or offered by Defendant, now or in the future, shall be referred to as "Grindr Services".

16. A.V. died on August 11, 2020.

17. At all times relevant, A.V. was under the age of eighteen (18) years.

18. A.V. accessed, downloaded, used, purchased, and/or subscribed to Grindr Services on or before August 11, 2020 resulting in A.V. being exposed to and engaged in sexual relationships and activities with adult users of Grindr Services.

19. A.V.'s access, download, use, purchase, and/or subscription to Grindr Services resulted in severe emotional distress and bodily injuries culminating in A.V.'s death from a self-inflicted gunshot wound.

20. At all times relevant to this matter, Defendant was capable of preventing persons under the age of eighteen (18) years from accessing, downloading, using, purchasing, and/or subscribing to Grinder Services. *See https://sightengine.com/detect-minor-children.*

21. At all times relevant, Defendant knew or should have known that A.V. was a

4

person under the age of eighteen (18) years accessing, downloading, using, purchasing, and/or subscribing to Grindr Services.

22. At all times relevant, Defendant knew or should have known that A.V. was engaging in sexual relationships and activity adult users of Grindr Services.

23. At all times relevant, Grindr made no reasonable attempt to verify whether A.V. attained the age of eighteen (18) years.

24. At all times relevant, Defendant undertook inadequate action, if any, to screen persons under the age of eighteen (18) years attempting to access, download, use, purchase, and/or subscribe to Grindr Services - even though Grindr Services is a product for adults and adults only.

25. Defendant's Terms and Conditions of Service Agreement denies any obligation to monitor any user's registration for Grindr Services.

26. At all times relevant, Defendant undertook inadequate action, if any, to prevent A.V. from engaging in sexual relationships and activities with adult users of Grindr Services.

27. At all times relevant, Defendant knew or should have known that A.V. was a under the age of eighteen and his access, download, use, purchase, and/or subscription to Grinder Services endangered his health, safety, and wellbeing.  For example:

      a.  Defendant's Terms and Conditions of Service Agreement states that

Defendant does not conduct criminal or other background screenings of its users;

b.  Defendant's Privacy and Cookies Policy states that the Grindr App allows users to share sensitive information, including their sexual orientation and precise location, with Defendant, the service providers who assist in running Defendant's services, and other Grindr users.  *See https://www.grindr.com/privacy-policy/?lang=en-US;*

c.  Defendant's Privacy and Cookie Policy states that Defendant uses Personal Data from its users to access their camera, photo roll, and microphone to allow a user to share with other users, conduct partner promotions, communicate with the user for promotions, and for Automated Decision Making – such as removing non-compliant images;

d.  Defendant's Terms and Conditions of Service Agreement states that Defendant does not verify the information provided by the users with respect to users' identity, health, physical condition, or otherwise;

e.  Defendant's Terms and Conditions of Service Agreement states that users shall refrain from adding offensive, harassing, and pornographic material; and

f.  Defendant's Terms and Conditions of Service Agreement states that

users are prohibited from including material on a personal profile page that contains video, audio, photographs, or images of any person under the age of eighteen (18) years of age.

28. At all times relevant to this matter, Defendant faced criticism for failing to implement reasonable precautions to prevent persons under the age of eighteen (18) years from accessing, downloading, using, purchasing, and/or subscribing to Grinder Services.  For example:

a. "Child Molesters Moving to Grindr to Find Underage Victims." Queerty, Queerty, 28 Apr. 2010, https://www.queerty.com/child-molesters-moving-to-grindr-to-find-underage-victims-20100428.

b. Jozsa, Kyle, et al. "'Safe behind My Screen': Adolescent Sexual Minority Males' Perceptions of Safety and Trustworthiness on Geosocial and Social Networking Apps." Archives of Sexual Behavior, vol. 50, no. 7, 2021, pp. 2965–2980., https://doi.org/10.1007/s10508-021-01962-5.

c. Macapagal, Kathryn, et al. "Hookup App Use, Sexual Behavior, and Sexual Health among Adolescent Men Who Have Sex with Men in the United States." Journal of Adolescent Health, vol. 62, no. 6, 2018, pp. 708–715., https://doi.org/10.1016/j.jadohealth.2018.01.001.

d. McKim, Jenifer. "How Grindr, a Popular Gay Dating App, Poses

Exploitation Risk to Minors." NPR, NPR, 3 Aug. 2021, https://www.npr.org/2021/08/03/1024108203/how-grindr-a-popular-gay-dating-app-poses-exploitation-risk-to-minors#:~:text=men%20seeking%20men.-,But%20many%20underage%20boys%20are%20using%20it%20to%20hook%20up,of%20sexual%20exploitation%20and%20trafficking.

e. Mendez II, Moises. "The Teens Slipping Through the Cracks on Dating Apps." The Atlantic, Atlantic Media Company, 6 June 2022, https://www.theatlantic.com/family/archive/2022/06/teens-minors-using-dating-apps-grindr/661187/.

f. McKim, Jenifer B., et al. "Unseen, Part 3: Popular Gay Dating App Grindr Poses Exploitation Risk to Minors." News, GBH, 26 Jan. 2022, https://www.wgbh.org/news/national-news/2021/07/12/popular-gay-dating-app-grindr-poses-exploitation-risk-to-minors.

g. "There Are a Lot of Child Sexual Assaults on Grindr. Here's Why." Protect Children from Meeting Strangers Online with SaferKid™, https://www.saferkid.com/blog/there-are-a-lot-of-child-sexual-assaults-on-grindr-here-s-why.

h. Smith, S.E. "The Real Problem with Children Using Hookup Apps." The Daily Dot, 2 Sept. 2014, https://www.dailydot.com/.

29.   At all times relevant to this matter, Defendant faced criticism for the physical and mental harm suffered by persons under the age of eighteen (18) years from their access, download, use, purchase, and/or subscription to Grinder Services.   For example:

 a.  Smith, S.E. "The Real Problem with Children Using Hookup Apps." The Daily Dot, 2 Sept. 2014, https://www.dailydot.com/.

 b.  McKim, Jenifer B., et al. "Unseen, Part 3: Popular Gay Dating App Grindr Poses Exploitation Risk to Minors." News, GBH, 26 Jan. 2022, https://www.wgbh.org/news/national-news/2021/07/12/popular-gay-dating-app-grindr-poses-exploitation-risk-to-minors.

 c.  Mendez II, Moises. "The Teens Slipping Through the Cracks on Dating Apps." The Atlantic, Atlantic Media Company, 6 June 2022, https://www.theatlantic.com/family/archive/2022/06/teens-minors-using-dating-apps-grindr/661187/.

 d.  Suto, Daniel J., et al. "Geosocial Networking Application Use among Sexual Minority Adolescents." Journal of the American Academy of Child & Adolescent Psychiatry, vol. 60, no. 4, 2021, pp. 429–431., https://doi.org/10.1016/j.jaac.2020.11.018.

 e.  "Texas Teacher Who Committed Suicide After Being Snagged in Underage Grindr Sex Sting Was Unfairly Set Up by Cops, Family

Says."    Criminal    Legal    News,    20    Aug.    2021,
https://www.criminallegalnews.org/news/2021/aug/20/texas-teacher-
who-committed-suicide-after-being-snagged-underage-grindr-sex-
sting-was-unfairly-set-cops-family-says/.

f.  "There Are a Lot of Child Sexual Assaults on Grindr. Here's Why."
Protect Children from Meeting Strangers Online with SaferKid™,
https://www.saferkid.com/blog/there-are-a-lot-of-child-sexual-
assaults-on-grindr-here-s-why.

g.  McKim, Jenifer B., et al. "Unseen, Part 3: Popular Gay Dating App
Grindr Poses Exploitation Risk to Minors." News, GBH, 26 Jan. 2022,
https://www.wgbh.org/news/national-news/2021/07/12/popular-gay-
dating-app-grindr-poses-exploitation-risk-to-minors.

h.  Taylor, Samuel Hardman, et al. "Social Consequences of Grindr Use."
Proceedings of the 2017 CHI Conference on Human Factors in
Computing Systems, 2017, https://doi.org/10.1145/3025453.3025775.

30. At all times relevant to this matter, Defendant knew that users of Grindr
Services – especially persons under the age of eighteen (18) years – are exposed to
physical danger because of their access, download, use, purchase, and/or
subscription to Grinder Services.  For example:

a.  Dean, Sam, "Grinder's new owners are straight. They say that's OK";

10

Los Angelas Times, July 2, 2020. from accessing, downloading, using, purchasing, and/or subscribing to Grinder Services.

31. Defendant introduced Grindr Tribes, allowing users of Grindr Services to identify themselves with a niche group and filter their searches to better find their type. The Grindr Tribes include "Daddy" and "Twink".

32. The creation of the Twink Tribe made persons under the age of eighteen (18) years feel welcome to access, download, use, purchase, and/or subscribe to Grindr Services.

33. Users of Grindr Services can more efficiently identify persons under the age of eighteen (18) years by narrowing the search results to the Twink Tribe.

34. Defendant's Privacy and Cookie Policy states that user profile and distance information is shared with the Grindr Community.

35. At all times relevant, Defendant knowingly and intentionally allowed users under the age of eighteen (18) years to access, download, use, purchase, and/or subscribe to Grindr Services. In turn, Defendant served them up on a silver platter to the adult users of Grindr Services intentionally seeking to sexually groom or engage in sexual activity with persons under the age of eighteen (18) years.

36. At all times relevant, the presence of persons under the age of eighteen (18) years on Grindr Services created a niche market – separating Defendant from its competitors – and increasing Defendant's market share and profitability.

37.At all times relevant, Defendant failed to implement adequate safeguards to prevent minors from accessing Grindr services because such action is not in Defendant's financial interest.

38.At all times relevant, Defendant received valuable consideration from A.V. and other persons under the age of eighteen (18) years that accessed, downloaded, used, purchased, and/or subscribed to Grindr Services to engage in in sexual relationships and activity adult users of Grindr Services.

39.At all times relevant, A.V. received valuable consideration in exchange for the sexual relationships and activities with the adult users of Grindr Services.

40.Defendant knowingly benefited - financially or by receiving something of value - by participating in a venture which, in or affecting interstate commerce, recruited, enticed, harbored, transported, provided, or obtained by other means persons under the age of eighteen (18) years that are caused to engage in commercial sex acts in violation of 18 U.S.C. § 1595.  A.V. was a victim of such activity.  A.V.'s emotional distress, bodily injuries, and death are a direct result of such activity.

41.Defendant has several revenue sources including, but not limited to, its Grindr Xtra paid for subscription and advertising – especially for businesses making use of the application's geo-location features to target their advertisements to a particular neighborhood or locality.  This allegation is further supported by the following:

   a. Defendant's Privacy and Cookie Policy states that it shares user

information with Ad Partners.

b. Defendant's Privacy and Cookie Policy states that during the past twelve months, Defendant shared the following categories of Personal Data with Defendant's third-party advertising partners who provided payment for ad placement: cookie or device IDs (such as advertising ID), connection information (such as type, carrier, speed), opt-out status and technographics (such as device model, brand, OS version).

c. Defendant's Privacy and Cookie Policy states that Defendant may promote programs and events with partners to offer discounts, early access, or other information or incentives to Defendant's users.

d. Defendant profits from third party advertisements to users of Grindr Services. *See http://grinder.com/advertise/.*

e. Defendant's Terms and Conditions of Service Agreement states that Grindr Services may include links to other web sites or services, whether through advertising or otherwise.

f. Defendant's Terms and Conditions of Service Agreement states that Parties other than Defendant may provide services or sell products via the Grindr Services.

g. Defendant's Terms and Conditions of Service Agreement states that Defendant and its licensees may publicly display advertisement and

other information adjacent to user content, but the user is not entitled to any compensation for such advertisements.

42.  Defendant undertook a duty to ensure that Grinder Services provided a safe space where users can discover, navigate, and interact with others in the Grindr Community.  This contention is supported by the following:

    a.  Defendant's Privacy and Cookie Policy states that Defendant provides a safe space where users can discover, navigate, and interact with others in the Grindr Community.

    b.  Defendant's Terms and Conditions of Service Agreement reserves for Defendant the right to remove content.

43. Defendant's duty to ensure that Grinder Services provides a safe space where users can discover, navigate, and interact with others in the Grindr Community includes, but is not limited to, implementing adequate policies, procedures, and software to screen persons attempting to access, download, use, purchase, and/or subscribe to Grindr Services to ensure that they are over the age of eighteen (18) years.  This duty is necessary to protect the health, safety, and wellbeing of persons under the age of eighteen (18) years attempting to access, download, use, purchase, and/or subscribe to Grindr Services. In addition, the duty is necessary to shield persons over the age of eighteen (18) years accessing, downloading, using, purchasing, and/or subscribing to Grindr Services from engaging in unlawful

14

activity with children.

44. At all times relevant, Defendant reserved the right to remove user content and material from Defendant's platform.

45. At all times relevant, Defendant undertook inadequate action, if any, to remove content and material from Defendant's platform that posed a threat to the health, safety, and wellbeing of A.V. and other persons under the age of eighteen (18) years.

46. At all times relevant, Defendant knew or should have known that A.V. was a minor incapable of consenting to the Terms and Conditions of Service Agreement, Defendant's Privacy and Cookie Policy, any other purported agreements that Defendant may contend to exists with A.V.

47. Congress never intended for the immunity granted under Section 230 of the federal "Communications Decency Act" ("CDA") to give Defendant a safe haven to profit from the sexual grooming and sexual exploitation of persons under the age of eighteen (18) years accessing, downloading, using, purchasing, and/or subscribing to Grindr Services.

48. At all times relevant, Defendant acted as a publisher of first party content on its platform.  For example:

      a.  Defendant publicizes the location of users of Grindr Services on its platform.

b.  Defendant's Terms and Conditions of Service Agreement reserves the right for Defendant to remove content.

## COUNT I
## WRONGFUL DEATH - TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT

49. Plaintiff incorporates each and every allegation in paragraphs 1 through 9 as if fully set forth herein.

50. Plaintiff incorporates each and every allegation in paragraphs 10 through 15 as if fully set forth herein.

51. Plaintiff incorporates each and every allegation in paragraphs 16 through 41 as if fully set forth herein.

52. Plaintiff incorporates each and every allegation in paragraphs 46 through 48 as if fully set forth herein.

53. The TVPRA permits a victim of sex trafficking to bring a civil action against the perpetrator or whoever knowingly benefits financially or by receiving anything of value from participation in a venture which that person knew or should have known involved an act in violation of the Chapter.

54. Accordingly, the TVPRA permits this Count.  A.V. was a victim of such activity and Defendant knowingly benefited from participating in a venture involving activities that violated the TVPRA.

16

55. Under the TVPRA, "Whoever knowingly— (1)  in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person; or (2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1), knowing, or, except where the act constituting the violation of paragraph (1) is advertising, in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b)." 18 U.S.C. § 1591(a).

56. Under § 1595(a), not only perpetrators, but also "whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter" is held civilly liable.

57. At all times relevant, Defendant knowingly used instrumentalities of interstate commerce in violation of 18 U.S.C. § 1591 and § 1595.

58. At all times relevant, Defendant knowingly benefited financially from persons under the age of eighteen (18) years accessing, downloading, using, purchasing,

and/or subscribing to Grindr Services to engage in sexual relationships and activity with adult users of Defendant's services.

59. At all times relevant, Defendant knowingly benefited financially from A.V. accessing, downloading, using, purchasing, and/or subscribing to Grindr Services to engage in sexual relationships and activity with adult users of Grindr Services.

60. At all times relevant, Defendant knowingly benefited financially from adults accessing, downloading, using, purchasing, and/or subscribing to Grindr Services to engage in sexual relationships and activity with underage users of Defendant's services.

61. At all times relevant, Defendant knowingly, in or affecting interstate commerce, recruited, enticed, harbored, transported, provided, or obtained by other means persons under the age of eighteen (18) years to engage in commercial sex acts in violation of 18 U.S.C. § 1591 and § 1595.  A.V. was a victim of such activity.

62. At all times relevant, Defendant knowingly benefited, financially or by receiving something of value, from participating in a venture which, in or affecting interstate commerce, recruited, enticed, harbored, transported, provided, or obtained by other means persons under the age of eighteen (18) years to engage in commercial sex acts in violation of 18 U.S.C. § 1591 and § 1595.  A.V. was a victim of such activity.

63. As a direct and proximate result of previously mentioned violation of Federal

law, A.V. suffered severe emotional distress culminating and causing his death.

64. The statutory survivors of A.V., deceased, are as follows:

    a. The Estate of A.V., for the payment of medical expenses, burial and funeral expenses as defined by Fla. Stat. § 768.21.

    b. A.V.'s father, R.V. – mental pain and suffering, anguish, loss of decedent's companionship, loss of decedent's support and services, all both past and future as defined by Fla. Stat. § 768.21.

    c. A.V.'s mother, T.V. – mental pain and suffering, anguish, loss of decedent's companionship, loss of decedent's support and services, all both past and future as defined by Fla. Stat. § 768.21.

65. As a direct and proximate result of the subject incident, and Defendant's violation of the previously mentioned Federal law in causing the death of the A.V., the survivors of A.V., have lost the support, love, affection, comfort, and companionship of A.V., and have experienced mental pain and suffering in the past and will continue to suffer such losses in the future.

66. The survivors of A.V. also seek punitive damages, in an amount to be proven at trial, including prejudgment interest thereon.

67. The survivors of A.V. also seek all forms of injunctive relief to bring Defendant in compliance with the TVPRA.

    WHEREFORE, Plaintiff, R.V., as Executor De Son Tort of the Estate of A.V.,

a minor, and on behalf of the Estate of A.V. and the survivors of the Estate, demands judgment against Defendant, Grindr, LLC, plus costs of this action, pre-judgment interest, and demands a trial by jury.

## COUNT II
## WRONGFUL DEATH - STRICT LIABILITY PRODUCT DESIGN DEFECT

68. Plaintiff incorporates each and every allegation in paragraphs 1 through 9 as if fully set forth herein.

69. Plaintiff incorporates each and every allegation in paragraphs 10 through 15 as if fully set forth herein.

70. Plaintiff incorporates each and every allegation in paragraphs 16 through 35 as if fully set forth herein.

71. Plaintiff incorporates each and every allegation in paragraphs 46 through 48 as if fully set forth herein.

72. At all times relevant, Defendant was designer, manufacturer, distributer, importer, seller and/or retailers of the Grindr Services it provided to consumers.

73. Each designer, manufacturer, distributer, importer, or seller in the chain of distribution is liable for injury caused by a defective product. *Samuel Friedland Family Enterprises v. Amoroso*, 630 So. 2d 1067 (Fla. 1994); *Rivera v. Baby Trend, Inc.*, 914 So. 2d 1102 (Fla. 4th DCA 2005); *Porter v. Rosenberg*, 650 So. 2d 79 (Fla.

4th DCA 1995)

74. A product is defective because of a design defect if it is in a condition unreasonably dangerous to the user and the product is expected to and does reach the user without substantial change affecting that condition. A product is unreasonably dangerous because of its design if (1) the product fails to perform as safely as an ordinary consumer would expect when used as intended or when used in a manner reasonably foreseeable by the manufacturer or (2) the risk of danger in the design outweighs the benefits.

75. At all times relevant, Grindr Services was unreasonably dangerous to A.V. and the ordinary consumer.

76. At all times relevant, A.V. accessed, downloaded, used, purchased, and/or subscribed to Grindr Services without substantial change affecting the product.

77. At all times relevant, Grindr Services failed to perform as safely as an ordinary consumer would expect when used as intended or when used in a manner reasonably foreseeable by the Defendant.

78. At all times relevant, Defendant knew or should have known that person(s) under that age of eighteen (18) years – including A.V. - accessed, downloaded, used, purchased, and/or subscribed to Grindr Services and that condition was unreasonably dangerous to A.V. and the ordinary consumer.

79. At all times relevant, Grindr Services were unreasonably dangerous because

the danger in the design outweighed the benefits.

80. At all times relevant, Defendant knew or should have known that person(s) under that age of eighteen (18) years – including A.V. - accessed, downloaded, used, purchased, and/or subscribed to Grindr Services and engage in sexual relationships and activity with adult users of Grindr Services.

81. As a direct and proximate result of previously mentioned defective product, A.V. suffered severe emotional distress and bodily injuries culminating and causing his death.

82. The statutory survivors of A.V., deceased, are as follows:

    a.  The Estate of A.V., for the payment of medical expenses, burial and funeral expenses as defined by Fla. Stat. § 768.21.

    b.  A.V.'s father, R.V. – mental pain and suffering, anguish, loss of decedent's companionship, loss of decedent's support and services, all both past and future as defined by Fla. Stat. § 768.21.

    c.  A.V.'s mother, T.V. – mental pain and suffering, anguish, loss of decedent's companionship, loss of decedent's support and services, all both past and future as defined by Fla. Stat. § 768.21.

83. As a direct and proximate result of the subject incident, and the previously mentioned defective product of this Defendant in causing the death of the A.V., the survivors of A.V., have lost the support, love, affection, comfort, and companionship

of A.V., and have experienced mental pain and suffering in the past and will continue to suffer such losses in the future

WHEREFORE, Plaintiff, R.V., as Executor De Son Tort of the Estate of A.V., a minor, and on behalf of the Estate of A.V. and the survivors of the Estate, demands judgment against Defendant, Grindr, LLC, plus costs of this action, pre-judgment interest, and demands a trial by jury.

## COUNT III
## WRONGFUL DEATH - NEGLIGENCE AND NEGLIGENCE PER SE
## PRODUCT DESIGN DEFECT

84. Plaintiff incorporates each and every allegation in paragraphs 1 through 9 as if fully set forth herein.

85. Plaintiff incorporates each and every allegation in paragraphs 10 through 15 as if fully set forth herein.

86. Plaintiff incorporates each and every allegation in paragraphs 16 through 48 as if fully set forth herein.

87. Based on allegations articulated under the previous paragraphs, Defendant is also liable under negligence and negligence per se theories for the defectively designed Grindr Services.

88. At all times relevant, Defendant owed a duty of care (negligence) to A.V. to exercise reasonable care to prevent foreseeable and known harms including, but not

23

limited to, the online sexual grooming of children.

89. At all times relevant, Defendant owed a duty of care (negligence per se) to A.V. not to violate laws, such as the TVRPA, and to exercise reasonable care to prevent foreseeable and known harms including, but not limited to, the online sexual grooming of children.

90. At all times relevant, Defendants breached the duties by providing defectively designed services, tools, and products to A.V. that rendered no protection from the known and reasonably foreseeable harms.

91. As a direct and proximate result of each of the previously mentioned breached duties, A.V. suffered severe emotional distress and bodily injuries culminating and causing his death.

92. The statutory survivors of A.V., deceased, are as follows:

    a. The Estate of A.V., for the payment of medical expenses, burial and funeral expenses as defined by Fla. Stat. § 768.21.

    b. A.V.'s father, R.V. – mental pain and suffering, anguish, loss of decedent's companionship, loss of decedent's support and services, all both past and future as defined by Fla. Stat. § 768.21.

    c. A.V.'s mother, T.V. – mental pain and suffering, anguish, loss of decedent's companionship, loss of decedent's support and services, all both past and future as defined by Fla. Stat. § 768.21.

93. As a direct and proximate result of the subject incident, and the previously mentioned negligence and negligence per se of this Defendant in causing the death of the A.V., the survivors of A.V., have lost the support, love, affection, comfort, and companionship of A.V., and have experienced mental pain and suffering in the past and will continue to suffer such losses in the future

WHEREFORE, Plaintiff, R.V., as Executor De Son Tort of the Estate of A.V., a minor, and on behalf of the Estate of A.V. and the survivors of the Estate, demands judgment against Defendant, Grindr, LLC, plus costs of this action, pre-judgment interest, and demands a trial by jury.

## COUNT IV
## WRONGFUL DEATH - NEGLIGENCE

94. Plaintiff incorporates each and every allegation in paragraphs 1 through 9 as if fully set forth herein.

95. Plaintiff incorporates each and every allegation in paragraphs 10 through 15 as if fully set forth herein.

96. Plaintiff incorporates each and every allegation in paragraphs 16 through 48 as if fully set forth herein.

97. At all times relevant, Defendant owed a duty of care (negligence) to A.V. to exercise reasonable care to prevent foreseeable and known harms resulting from

Grindr Services including, but not limited to, the online sexual grooming of children.

98. At all times relevant, Defendant undertook a duty to ensure that persons under the age of eighteen (18) years do not access, download, use, purchase, and/or subscribe to Grindr Services.

99. At all times relevant, Defendant undertook a duty to remove harmful content from Grindr Services.

100.     At all times relevant, Defendant undertook a duty to ensure that Grindr Services was safe for users of Grindr Services – including persons under the age of eighteen (18) years accessing, downloading, using, purchasing, and/or subscribing to Grindr Services.

101.     Defendant's acts and omissions breached each of the aforesaid duties. Below are some, but not all, of Defendant's acts and omissions that breached the aforesaid duties of care owed to A.V.

     a. Defendant violated the TVPRA;

     b. Defendant knowingly, intentionally, and negligently allowed persons under the age of eighteen (18) years to access, download, use, purchase, and/or subscribe to Grindr Services;

     c. Defendant knowingly, intentionally, and negligently allowed persons under the age of eighteen (18) years to access Grindr Services and engage in sexual relationships and activity with adult users of Grindr

Services;

d. Defendant failed to undertake adequate precaution – if any – to prevent person under the age of eighteen (18) years from accessing, downloading, using, purchasing, and/or subscribing to Grindr Services;

e. Defendant failed to undertake adequate precaution – if any – to prevent person under the age of eighteen (18) years from accessing Grindr Services to engage in sexual activity with adult users of Grindr Services;

f. Defendant knowingly, intentionally, and negligently allowed adult users of Grindr Services to engage in or attempt to engage in sexual relationships and activity with persons under the age of eighteen (18) years accessing, downloading, using, purchasing, and/or subscribing to Grindr Services;

g. Defendant failed to undertake adequate precaution – if any – to prevent adult users of Grindr Services from engaging in or attempting to engage in sexual relationships and activity with persons under the age of eighteen (18) years accessing, downloading, using, purchasing, and/or subscribing to Grindr Services;

h. Defendant knowingly, intentionally, and negligently misrepresented that Grindr Services are safe;

27

     i.  Defendant knowingly, intentionally, and negligently mispresented that Defendant monitors Grindr Services to remove harmful User Content; and

     j.  Other acts and omissions by Defendant described in the foregoing and subsequent paragraphs of Count IV.

102.    The negligent actions, omissions, and conditions were caused or allowed to exist by Defendant, or were known to Defendant, or had existed for a sufficient length of time that Defendant should have known of the negligent actions, omissions, and conditions.

103.    As a direct and proximate result of each of the previously mentioned breached duties, A.V. suffered severe emotional distress and bodily injuries culminating and causing his death, pain and suffering, mental anguish, disability, disfigurement, loss of capacity for the enjoyment of life, medical expenses, loss of earnings, loss of ability to earn money and aggravation of a pervious conditions.

104.    The statutory survivors of A.V., deceased, are as follows:

     a.  The Estate of A.V., for the payment of medical expenses, burial and funeral expenses as defined by Fla. Stat. § 768.21.

     b.  A.V.'s father, R.V. – mental pain and suffering, anguish, loss of decedent's companionship, loss of decedent's support and services, all both past and future as defined by Fla. Stat. § 768.21.

28

c. A.V.'s mother, T.V. – mental pain and suffering, anguish, loss of decedent's companionship, loss of decedent's support and services, all both past and future as defined by Fla. Stat. § 768.21.

105.    As a direct and proximate result of the subject incident, and the previously mentioned negligence this Defendant in causing the death of the A.V., the survivors of A.V., have lost the support, love, affection, comfort, and companionship of A.V., and have experienced mental pain and suffering in the past and will continue to suffer such losses in the future

WHEREFORE, Plaintiff, R.V., as Executor De Son Tort of the Estate of A.V., a minor, and on behalf of the Estate of A.V. and the survivors of the Estate, demands judgment against Defendant, Grindr, LLC, plus costs of this action, pre-judgment interest, and demands a trial by jury.

## COUNT V
## NEGLIGENCE

106.    Plaintiff incorporates each and every allegation in paragraphs 1 through 9 as if fully set forth herein.

107.    Plaintiff incorporates each and every allegation in paragraphs 10 through 15 as if fully set forth herein.

108.    Plaintiff incorporates each and every allegation in paragraphs 16

through 48 as if fully set forth herein.

109.     In the alternative to the foregoing wrongful death claims, Plaintiff brings this cause of action for negligence.

110.     At all times relevant, Defendant owed a duty of care (negligence) to A.V. to exercise reasonable care to prevent foreseeable and known harms resulting from Grindr Services including, but not limited to, the online sexual grooming of children.

111.     At all times relevant, Defendant undertook a duty to ensure that persons under the age of eighteen years do not access Grindr Services.

112.     At all times relevant, Defendant undertook a duty to remove harmful User Content from Grindr Services.

113.     At all times relevant, Defendant undertook a duty to ensure that Grindr Services was safe for users of Grindr Services – including persons under the age of eighteen (18) years accessing, downloading, using, purchasing, and/or subscribing to Grindr Services.

114.     Defendant's acts and omissions breached each of the aforesaid duties. Below are some, but not all, of Defendant's acts and omissions that breached the aforesaid duties of care owed to A.V.

     a. Defendant violated the TVPRA;

     b. Defendant knowingly, intentionally, and negligently allowed persons

under the age of eighteen (18) years to access, download, use, purchase, and/or subscribe to Grindr Services;

c. Defendant knowingly, intentionally, and negligently allowed persons under the age of eighteen (18) years to access Grindr Services and engage in sexual relationships and activity with adult users of Grindr Services;

d. Defendant failed to undertake adequate precaution – if any – to prevent person under the age of eighteen (18) years from accessing, downloading, using, purchasing, and/or subscribing to Grindr Services;

e. Defendant failed to undertake adequate precaution – if any – to prevent person under the age of eighteen (18) years from accessing Grindr Services to engage in sexual activity with adult users of Grindr Services;

f. Defendant knowingly, intentionally, and negligently allowed adult users of Grindr Services to engage in or attempt to engage in sexual relationships and activity with persons under the age of eighteen (18) years accessing, downloading, using, purchasing, and/or subscribing to Grindr Services;

g. Defendant failed to undertake adequate precaution – if any – to prevent adult users of Grindr Services from engaging in or attempting to engage

in sexual relationships and activity with persons under the age of eighteen (18) years accessing, downloading, using, purchasing, and/or subscribing to Grindr Services;

h. Defendant knowingly, intentionally, and negligently mispresented that Grindr Services are safe;

i. Defendant knowingly, intentionally, and negligently mispresented that Defendant monitors Grindr Services to remove harmful User Content; and

j. Other acts and omissions by Defendant described in the foregoing and subsequent paragraphs of Count V.

115.   The negligent actions, omissions, and conditions were caused or allowed to exist by Defendant, or were known to Defendant, or had existed for a sufficient length of time that Defendant should have known of the negligent actions, omissions, and conditions.

116.   As a direct and proximate result of each of the previously mentioned breached duties, A.V. suffered severe emotional distress and bodily injuries culminating and causing his death, pain and suffering, mental anguish, disability, disfigurement, loss of capacity for the enjoyment of life, medical expenses, loss of earnings, loss of ability to earn money and aggravation of a pervious conditions.

117.   These losses are recoverable by the Estate of A.V.

WHEREFORE, Plaintiff, R.V., as Executor De Son Tort of the Estate of A.V., a minor, and on behalf of the Estate of A.V. and the survivors of the Estate, demands judgment against Defendant, Grindr, LLC, plus costs of this action, pre-judgment interest, and demands a trial by jury.

## COUNT VI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

118.     Plaintiff incorporates each and every allegation in paragraphs 1 through 9 as if fully set forth herein.

119.     Plaintiff incorporates each and every allegation in paragraphs 10 through 15 as if fully set forth herein.

120.     Plaintiff incorporates each and every allegation in paragraphs 16 through 38 as if fully set forth herein.

121.     Plaintiff incorporates each and every allegation in paragraphs 40 through 41 as if fully set forth herein.

122.     Plaintiff incorporates each and every allegation in paragraphs 45 through 48 as if fully set forth herein.

123.     In the alternative to the foregoing wrongful death claims, Plaintiff brings this cause of action for Intentional Infliction of Emotional Distress.

124.     At all times relevant, Defendant's actions and omissions that allowed

A.V. to access, download, use, purchase, and/or subscribe to Grindr Services before reaching the age of eighteen (18) years were extreme and outrageous, and beyond all possible bounds of decency, and utterly intolerable in a civilized community.

125.    At all times relevant, Defendant was intentional and reckless in the actions and omissions that ignored and allowed A.V. and other persons under the age of eighteen (18) years to access, download, use, purchase, and/or subscribe to Grindr Services.

126.    At all times relevant, Defendant intended to cause or disregarded the substantial probability of causing A.V. severe emotional distress.

127.    A.V. experienced emotional distress as a result of Defendant's actions and omissions.

128.    At all times relevant, Defendant's actions and omissions directly caused A.V.'s emotional distress.

129.    At all times relevant, Defendant was in the exclusive position to stop the harm A.V. experienced but refused to do so.

130.    As a direct and proximate result of Defendant's intentional conduct, A.V. suffered severe emotional distress and bodily injuries culminating and causing his death, pain and suffering, mental anguish, disability, disfigurement, loss of capacity for the enjoyment of life, medical expenses, loss of earnings, loss of ability to earn money and aggravation of a pervious conditions.

131.     These losses are recoverable by the Estate of A.V.

132.     The Estate of A.V. is entitled to recover punitive or exemplary damages from Defendant, without limitation or cap, because the actions and omissions of Defendant, its agents, and employees showed an entire want of care that would raise the presumption of conscious indifference to consequences.  Defendant's acts and omissions involved malice, oppression, insult, wanton disregard, and/or reckless disregard of A.V.'s rights.  Punitive damages are needed to protect the public from similar acts and deter the Defendant going forward.  Accordingly, the Estate of A.V. is entitled to recover punitive damages from Defendant in accordance with the enlightened conscious of an impartial jury.

WHEREFORE, Plaintiff, R.V., as Executor De Son Tort of the Estate of A.V., a minor, and on behalf of the Estate of A.V. and the survivors of the Estate, demands judgment against Defendant, Grindr, LLC, plus costs of this action, pre-judgment interest, and demands a trial by jury.

## COUNT VII
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

133.     Plaintiff incorporates each and every allegation in paragraphs 1 through 9 as if fully set forth herein.

134.     Plaintiff incorporates each and every allegation in paragraphs 10

through 15 as if fully set forth herein.

135.     Plaintiff incorporates each and every allegation in paragraphs 16 through 48 as if fully set forth herein.

136.     In the alternative to the foregoing wrongful death claims, Plaintiff brings this cause of action for Negligent Infliction of Emotional Distress.

137.     At all times relevant, Defendant owed a duty of care to A.V. to abide by its own terms of use and to prevent A.V. and other persons under the age of eighteen (18) years from accessing, downloading, using, purchasing, and/or subscribing Grindr Services.

138.     Defendant breached this duty of care to A.V.

139.     At all times relevant, Defendant was negligent in the actions and omissions that ignored A.V. and other persons under the age of eighteen (18) years accessing, downloading, using, purchasing, and/or subscribing Grindr Services.

140.     A.V. experienced severe emotional distress as a direct result of Defendant's breached duties, actions, and omissions.

141.     At all times relevant, Defendant's actions and omissions that allowed A.V. to access, download, use, purchase, and/or subscribe to Grindr Services before reaching the age of eighteen (18) years were extreme and outrageous, and beyond all possible bounds of decency, and utterly intolerable in a civilized community.

142.     At all times relevant, Defendant was negligent in the acts and omissions

36

that allowed A.V. and other persons under the age of eighteen (18) years to access, download, use, purchase, and/or subscribe to Grindr Services.

143.     At all times relevant, Defendant was in the exclusive position to stop the harm A.V. experienced but refused to do so.

144.     As a direct and proximate result of Defendant's negligent conduct, A.V. suffered severe emotional distress and bodily injuries culminating and causing his death, pain and suffering, mental anguish, disability, disfigurement, loss of capacity for the enjoyment of life, medical expenses, loss of earnings, loss of ability to earn money and aggravation of a pervious conditions.

145.     These losses are recoverable by the Estate of A.V.

WHEREFORE, Plaintiff, R.V., as Executor De Son Tort of the Estate of A.V., a minor, and on behalf of the Estate of A.V. and the survivors of the Estate, demands judgment against Defendant, Grindr, LLC, plus costs of this action, pre-judgment interest, and demands a trial by jury.


## COUNT VIII
## NEGLIGENT MISREPRESENTATION

146.     Plaintiff incorporates each and every allegation in paragraphs 1 through 9 as if fully set forth herein.

147.     Plaintiff incorporates each and every allegation in paragraphs 10

through 15 as if fully set forth herein.

148.     Plaintiff incorporates each and every allegation in paragraphs 16 through 37 as if fully set forth herein.

149.     Plaintiff incorporates each and every allegation in paragraphs   42 through 48 as if fully set forth herein.

150.     In the alternative to the foregoing wrongful death claims, Plaintiff brings this cause of action for Negligent Misrepresentation.

151.     At all times relevant, Defendant made statements in its Terms and Conditions of Service Agreement and Defendant was aware that the statements made therein were to be used for a particular purpose – to create a purported agreement with the users and assure the users that Defendant applied community standards to make Grindr Services safe.

152.     At all times relevant A.V. and other users of Grindr Services relied on the assurances from Defendant that Grindr Services were safe, and Defendant would enforce its user policies.

153.     At all times relevant, Defendant's statements and conduct exaggerated or misstated facts relating to the oversight of its products and safety of its users.

154.     At all times relevant, Defendant was negligent and/or lacking in due diligence when making statements about the safety of Grindr Services when in fact Defendant does not enforce safety measures including, but limited to, preventing

A.V. and other persons under the age of eighteen (18) years from accessing, downloading, using, purchasing, and/or subscribing Grindr Services.

155.    At all times relevant, Defendant was bound to A.V. by a relation or duty of care beyond a purported contract between the parties.

156.    At all times relevant, Defendant was in a special position of confidence and trust in relation to A.V.

157.    At all times relevant, Defendant was in the unique and exclusive position to stop the injuries and damages to A.V. but failed to do so.

158.    At all times relevant, A.V. relied on Defendant's misstatements.  Had A.V. known that Grindr Services were not safe, and Defendant did not enforce its policies, A.V. never would have accessed, downloaded, used, purchased, and/or subscribed to Grindr Services.

159.    As a direct and proximate result of Defendant's negligent misrepresentations, A.V. suffered severe emotional distress and bodily injuries culminating and causing his death, pain and suffering, mental anguish, disability, disfigurement, loss of capacity for the enjoyment of life, medical expenses, loss of earnings, loss of ability to earn money and aggravation of a pervious conditions.

160.    These losses are recoverable by the Estate of A.V.

161.    The Estate of A.V. is entitled to recover punitive or exemplary damages from Defendant, without limitation or cap, because the actions and omissions of

Defendant, its agents, and employees showed an entire want of care that would raise the presumption of conscious indifference to consequences.  Defendant's acts and omissions involved malice, oppression, insult, wanton disregard, and/or reckless disregard of A.V.'s rights.  Punitive damages are needed to protect the public from similar acts and deter the Defendant going forward.  Accordingly, the Estate of A.V. is entitled to recover punitive damages from Defendant in accordance with the enlightened conscious of an impartial jury.

WHEREFORE, Plaintiff, R.V., as Executor De Son Tort of the Estate of A.V., a minor, and on behalf of the Estate of A.V. and the survivors of the Estate, demands judgment against Defendant, Grindr, LLC, plus costs of this action, pre-judgment interest, and demands a trial by jury.

Dated this 7th day of September, 2022.


VILES & BECKMAN, LLC.
Attorneys for Plaintiff
6350 Presidential Court
Fort Myers, Florida 33919
Telephone:  239-334-3933
Facsimile:  239-334-7105
Andrew@vilesandbeckman.com

By:     /s/ Andrew H. Barnett
Andrew H. Barnett, Esquire
Florida Bar Number: 112374