# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

R.V., AS EXECUTOR DE SON
TORT OF THE ESTATE OF A.V.,
A MINOR, AND ON BEHALF OF
THE ESTATE OF A.V. AND THE
SURVIVORS OF THE ESTATE,

    Plaintiff,

Vs.                              CASE NO: 3:22-cv-864-MMH-PDB

GRINDR, LLC,

    Defendant.
_____/

## PLAINTIFF'S MOTION FOR LEAVE TO PROCEED ANONYMOUSLY

Plaintiff, R.V., as Executor De Son Tort of the Estate of A.V., a minor, and on behalf of the Estate of A.V. and the survivors of the Estate, by and through undersigned counsel, hereby files this Motion for Leave to Proceed Anonymously, and in support thereof, Plaintiff states the following:

## STATEMENT OF THE REQUESTED RELIEF

Plaintiff hereby moves this Honorable Court to grant this Motion for Leave to Proceed Anonymously and enter an Order permitting Plaintiff, decedent, and the survivors to proceed anonymously throughout this entire proceeding.

## LEGAL MEMORANDUM SUPPORTING REQUESTED RELIEF

Federal Rule of Civil Procedure 10(a) creates a strong presumption in favor of parties proceeding in their own names, but the rule is not absolute. *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011). A party may proceed anonymously by establishing a substantial privacy right which outweighs the customary and constitutionally embedded presumption of openness in judicial proceedings. *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (11th Cir. Unit A Aug. 10, 1981)). Whether a party's right to privacy outweighs the presumption of openness is based on the totality of the circumstances. *In re Chiquita Brands Int'l Inc.*, 965 F.3d 1238, 1247 n.5 (11th Cir. July 16, 2020). A court should carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to plaintiff's privacy concerns. *Id.* (quoting *Francis*, 631 F.3d at 1316).

For example, the Eleventh Circuit considered whether plaintiffs were minors, whether they were threatened with violence or physical harm by proceeding in their own names, and whether their anonymity posted a unique threat of fundamental

unfairness to the defendant. *Francis*, 631 F.3d at 1316. In *Francis*, the Court held that women who were videotaped engaging in sexual conduct when they were minors were entitled to proceed anonymously at trial. *See Francis*, 631 F.3d at 1316.

Personal embarrassment alone is not enough for leave to proceed anonymously. *See Doe v. Sheely*, 781 F. App'x 972, 974 (11th Cir. 2019); *see also Francis*, 631 F.3d at 1316. On the other hand, Courts permitted plaintiffs to proceed anonymously in cases involving homosexuality and transsexuality because the social stigma attached to the plaintiff's disclosure was found to overcome the presumption of openness in court proceedings. *Frank*, 951 F.2d at 324; *see also Roe v. Aware Woman Ctr. For Choice, Inc.*, 253 F.3d 678, 687 (11th Cir. 2001) (reversing a denial of plaintiff's motion to proceed anonymously in case involving abortion in part because of the social stigma).

## STATEMENT OF THE BASIS FOR THE REQUESTED RELIEF

The totality of the circumstances show that Plaintiff and the survivors have a substantial privacy interest that outweighs the public's interest in the openness of this judicial proceeding. That privacy interest is destroyed by identifying the Plaintiff, decedent, or the survivors during this proceeding. The privacy interest of Plaintiff and the survivors exists because this matter involves the sexuality of the decedent – a minor, the decedent's sexual conduct, the threat of social sigma, and the threat of physical harm and harassment resulting from identifying the Plaintiff, decedent, or the survivors.

As stated in Plaintiff's Second Corrected Complaint, the allegations in this matter involve a minor - the decedent. The allegations in the Second Corrected Complaint also reveal the decedent's sexuality and sexual conduct. Considering the uniquely sensitive and personal issues in this matter, Plaintiff, descendant, and the survivors deserve a higher level of protection, which can be obtained by granting leave to proceed anonymously.

Plaintiff and the survivors face potential physical harm and harassment if required to proceed under their real names. The potential of physical harm and harassment exists because this matter involves the criminal conduct by non-parties and sexual conduct between the decedent and adult users of Grindr Services. The non-parties may feel threated by this matter and seek to influence the same by

4

threatening or harassing the Plaintiff or the survivors. This Honorable Court can minimize or avoid the risk of harm or harassment by granting leave for Plaintiff, decedent, and the survivors to proceed anonymously.

Plaintiff recognizes the great public interest in free speech. Nevertheless, protecting the identities of Plaintiff, decedent, and the survivors will not result in meaningful and lingering damage to the public's interest in free speech. To the extent that the public is interested in this matter, the public's interest does not extend to the identity of the Plaintiff, decedent, and survivors. Instead, the public's interest in this matter is limited to the allegations of wrongdoing by the Defendant. Allowing Plaintiff, decedent, and the survivors to proceed anonymously will not impair the public's ability to explore those issues.

Based on the totality of the circumstances, the Plaintiff and the survivors have a substantial privacy right. That privacy right is not based solely on personal embarrassment. Instead, that privacy right is based on the social stigma associated with disclosing the decedent's sexuality, disclosing the decedent's sexual conduct, exposing criminal conduct, and the threat of physical harm and harassment. Granting leave for Plaintiff, decedent, and the survivors to proceed anonymously will not create a unique threat of fundamental unfairness to the Defendant. The totality of circumstances show that the privacy right of Plaintiff and the survivors outweighs the presumption of openness in this judicial proceeding.

WHEREFORE, based the foregoing and the Plaintiff's Second Corrected Complaint, Plaintiff hereby moves this Honorable Court to grant this Motion for Leave to Proceed Anonymously and enter an Order permitting Plaintiff, decedent, and the survivors to proceed anonymously throughout the entire course of this judicial proceeding.

## LOCAL RULE 3.01(g) CERTIFICATION

The undersigned counsel attempted to confer with Defendant to resolve this Motion via email correspondence to Grindr's litigation counsel Jeanne Michele Mariani (jeannemichele.mariani@grindr.com). The undersigned counsel will continue to diligently contact Defendant and Jeanne Michele Mariani for three days in attempt to resolve this Motion. In turn, on or before the expiration of the three-day period, the undersigned counsel will supplement this motion with a statement certifying whether the parties have resolved all or part of the issues in this Motion.

## CERTIFICATE OF SERVICE

I hereby certify that, on September 23, 2022, I served a copy of the foregoing to Defendant via United States mail to: Grindr LLC, P.O. Box 69176, West Hollywood, Florida 90069 and upon litigation counsel for Defendant, Jeanne Michele Mariani, via email correspondence to: jeannemichele.mariani@grindr.com.

Dated this 23rd day of September, 2022.

                                           **VILES & BECKMAN, LLC.**
                                         Attorneys for Plaintiff
                                         6350 Presidential Court
                                         Fort Myers, Florida 33919
                                         Telephone:  239-334-3933
                                         Facsimile:  239-334-7105
                                         Andrew@vilesandbeckman.com

By:   */s/ Andrew H. Barnett*
          Andrew H. Barnett, Esquire
          Florida Bar Number: 112374