United States District Court
Middle District of Florida
Jacksonville Division

**R.V., AS EXECUTOR DE SON TORT OF THE ESTATE OF A.V., A MINOR, AND ON BEHALF OF THE ESTATE OF A.V. AND THE SURVIVORS OF THE ESTATE,**

*Plaintiff,*

V.

**GRINDR, LLC,**

*Defendant.*

NO. 3:22-CV-864-MMH-PDB

# Order

The plaintiff sues on behalf of the estate of a minor who allegedly used the defendant's services marketed to gay, bi, trans, and queer people and, through that use, was exposed to, and engaged in, sexual activities and relationships with adult users, resulting in severe emotional distress and bodily injuries culminating in death from a self-inflicted gunshot wound. *See generally* Doc. 9.

The plaintiff moves for an order permitting the plaintiff, the decedent, and the survivors "to proceed anonymously throughout this entire proceeding." Doc. 11 at 2. The survivors are two people, including the plaintiff. S-Doc. 10. Off the public docket, the plaintiff has or will disclose the full names to the defendant. Doc. 14 at 2. The defendant has no opposition. Doc. 14 at 2.

"The title of the complaint must name all the parties[.]" Fed. R. Civ. P. 10(a). Requiring names "protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011).

Although there is a "strong presumption" against anonymity in an action, the presumption is not absolute. *Id.* at 1315. A party may proceed anonymously by showing the party "has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* at 1315–16 (quoted authority omitted).

"[T]he 'first step' in deciding whether privacy trumps publicity" is to analyze whether the party requesting anonymity is challenging governmental activity, will have to "disclose information of utmost intimacy," or will have to admit an "intent to engage in illegal conduct." *In re Chiquita Brands Int'l Inc.*, 965 F.3d 1238, 1247 (11th Cir. 2020). Those "are merely a few of many factors that a court must consider." *Id.* at 1247 n.5. Other factors include whether the party requesting anonymity is a minor, whether the party requesting anonymity faces a real threat of physical harm absent anonymity, and whether anonymity would pose a "unique threat of fundamental unfairness to the defendant." *Plaintiff B*, 631 F.3d at 1316. At bottom, the court considers the totality of the circumstances. *Chiquita*, 965 F.3d at 1247 n.5.

In *Plaintiff B*, the Eleventh Circuit applied these standards and reversed a district court's denial of a motion for anonymity by plaintiffs seeking damages from defendants who had filmed them exposing their breasts and engaging in sexual acts when they were minors. *Id.* at 1312, 1319. The Eleventh Circuit emphasized, "Where the issues involved are matters of a sensitive and highly personal nature ... the normal practice of disclosing the

parties' identities yields to a policy of protecting privacy in a very private matter." *Id.* at 1316–17 (internal quotation marks and quoted authority omitted). The Eleventh Circuit found the issues presented in the litigation "could not be of a more sensitive and highly personal nature[.]" *Id.* at 1317. For one plaintiff, the Eleventh Circuit explained, "Requiring her to be identified by name closely connects her graphic homosexual conduct with her widespread public reputation and thus constitutes a matter of the utmost intimacy." *Id.* (internal quotation marks omitted). The Eleventh Circuit added "it is highly unlikely that [the defendants] could show that granting the Plaintiffs anonymity at trial would cause them any serious harm" including because they already knew the plaintiffs' identity and thus were not hampered from "conducting a full range of discovery in building a defense for trial." *Id.* at 1318–19. Observing the plaintiffs had presented compelling evidence of likely harm that would ensue absent anonymity, the Eleventh Circuit concluded, "Justice should not carry such a high price[.]" *Id.* at 1319.

Here, taking the first step, the plaintiff raises no challenge to government activity and does not need to admit an intention to engage in illegal conduct but will have to disclose information of the utmost intimacy. *See generally* Doc. 9.

The information directly involves the decedent, not the plaintiff or the survivors. The plaintiff does not argue that revealing the full names of the plaintiff and the survivors necessarily will reveal the full name of the decedent. Rather, the plaintiff asserts a privacy interest of the plaintiff and the survivors themselves considering the "uniquely sensitive and personal issues in this matter." Doc. 11 at 4. The plaintiff argues not personal embarrassment but social stigma that would result from disclosing the decedent's sexuality and

3

sexual conduct. Doc. 11 at 5. The plaintiff also contends that, if full names are revealed, the plaintiff and the survivors may face physical harm and harassment by the adults alleged to have committed sexual crimes against the decedent. Doc. 11 at 4–5.

The totality of the circumstances in this unique litigation warrants the relief requested. The litigation involves "matters of a sensitive and highly personal nature," and, thus, the "customary practice" of disclosing full names "yields" to the "policy of protecting privacy in a very private matter." *See Plaintiff B*, 631 F.3d at 1316–17 (quoted). The decedent was a minor at all relevant times. The plaintiff and the survivors may not show a real threat of physical harm, but they do show a real risk of something that may be equally as menacing in today's cyberworld: harassment by the adults alleged to have committed sexual crimes against the decedent. The defendant does not oppose the relief, will know the full names, and will not be hampered in obtaining discovery for its defense. And the public will be able to understand the litigation and evaluate the rulings even without knowing the full names.

The motion, Doc. 11, is **granted** to the extent the plaintiff, the decedent, and the survivors whose full names are disclosed in the plaintiff's sealed filing, S-Doc. 10, may proceed on the public docket by initials only. In any paper filed or description on the public docket, the Clerk of Court and the parties must refer to the plaintiff, the decedent, and the survivors by initials only. If the plaintiff has not already done so, the plaintiff must expeditiously provide the defendant the full names.

This order makes no ruling about how the jury trial will be conducted. At the final pretrial conference or as otherwise directed by the Court, the parties must be prepared to discuss whether this decision should be revisited

in light of how the litigation has progressed and, if not, how as a practical matter anonymity will be accomplished during the trial.

**Ordered** in Jacksonville, Florida, on November 9, 2022.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

5