United States District Court
Middle District of Florida
Jacksonville Division

**R.V., AS EXECUTOR DE SON TORT OF THE ESTATE OF A.V., A MINOR, AND ON BEHALF OF THE ESTATE OF A.V. AND THE SURVIVORS OF THE ESTATE,**

    *Plaintiff,*

V.                                            **NO. 3:22-CV-864-MMH-PDB**

**GRINDR, LLC,**

    *Defendant.*

---

# Order

Additional briefing is necessary to prepare a comprehensive report and recommendation on the motion to dismiss, D22.

By **July 19, 2023**, R.V. must supplement the response to the motion to dismiss, D32, with the following information.

1. State whether the wrongful death claim based on 18 U.S.C. § 1591 is under federal common law or Florida's Wrongful Death Act. *See United States v. NEC Corp.*, 11 F.3d 136, 137 (11th Cir. 1993) ("In the absence of an expression of contrary intent, the survival of a federal cause of action is a question of federal common law.").

2. State whether R.V. abandons the claim for negligent infliction of emotional distress (count seven), and, if not, respond to Grindr's argument the claim should be dismissed.

3. State whether the claim for strict liability (count two) is distinct from the claim for negligence per se (part of count three), and, if so, explain the distinction. *See West v. Caterpillar Tractor Co.*, 336 So. 2d 80, 90 (Fla. 1976) ("Strict liability means negligence as a matter of law or negligence per se, the effect of which is to remove the burden from the user of proving specific acts of negligence.").

4. State whether precedent exists in the State of Florida on whether Grindr or any similar app or platform owes a duty of care or otherwise may be subject to virtual premises liability. *See Maynard v. Snapchat, Inc.*, 870 S.E. 2d 739 (Ga. 2022) (ruling Snapchat has a duty in tort under Georgia law).

5. State whether binding precedent exists in the Eleventh Circuit on the scope of the "Protection for 'Good Samaritan' blocking and screening of offensive material" provision of the "Online Family Empowerment" section of the Communications Decency Act of 1996 (Title V, "Obscenity and Violence"), Pub. L. 104–104, 110 Stat. 56, § 501, codified at 47 U.S.C. § 230(c).

6. State whether any cases interpreting the "Good Samaritan" provision reconcile the congressional purposes of protecting children and empowering families to protect children with the congressional purposes of promoting the continued development of the internet and preserving the free market in the internet unfettered by regulation.

7. Address *Doe v. Facebook, Inc.*, 142 S. Ct. 1087 (2022) (statement by Thomas, J.), and *Malwarebytes, Inc. v. Enigma Software Grp. USA, LLC*, 141 S. Ct. 13 (2020) (same).

By **August 9, 2023**, Grindr must reply to the response, as supplemented. Besides replying to the arguments in the response and the supplement, Grindr must include in the reply the following information.

2

1. Explain why Grindr includes alleged facts in the motion to dismiss not later used in arguments, D22 at 2–3 & 2 n.1, and why the terms and conditions on the webpage cited do not match the terms and conditions Grindr quotes in the motion to dismiss. *Compare* https://www.grindr.com/terms-of-service/ ("GRINDR DOES NOT **CURRENTLY** CONDUCT CRIMINAL OR OTHER BACKGROUND SCREENINGS OF OUR USERS.") (emphasis added), *with* D22 at 2–3 ("GRINDR DOES NOT CONDUCT CRIMINAL OR OTHER BACKGROUND SCREENINGS OF OUR USERS[.]").

2. Elaborate on the argument in footnote 2 on page 10 of the motion to dismiss, D22, considering allegations that Grindr does not just allow users to describe themselves, but provides the descriptors "Twink" and "Daddy." *See* 47 U.S.C. § 230(f)(3) (defining "information content provider").

3. Elaborate on the argument concerning causation as it applies to the survivor claims under Fla. Stat. § 46.021 (counts five through eight) as distinct from the wrongful death claims under Fla. Stat. § 768.19 (counts two through four).

4. State whether "directed at" is required for the intentional infliction of emotional distress claim (count six) considering the circumstances alleged (intentional infliction of emotional distress of A.V., not of R.V., T.V., or someone else as a third-party witness to the alleged wrongdoing), and, if so, provide binding Florida law for the statement.

Neither the supplement nor the reply may exceed 20 pages each. If, after careful editing, a party determines more pages are necessary to adequately brief the issues, the party may move for leave to file a supplement or reply exceeding the page limit.

**Ordered** in Jacksonville, Florida, on June 28, 2023.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*