UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

T.V. AS PERSONAL
REPRESENTATIVE OF THE ESTATE
OF A.V.,

        Plaintiff,

vs.

GRINDR, LLC,

        Defendant.

Case No. 3:22-CV-864-MMH-PDB

**GRINDR LLC'S MOTION FOR LEAVE TO FILE REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO FRCP 72(b)(2) OBJECTIONS**

Pursuant to M.D. Fla. Local Rule 3.01(d), Defendant GRINDR LLC moves for an order authorizing it to file a limited reply to Plaintiff's Response in Opposition to Grindr's FRCP 72(b)(2) Objections (Dkt. 70) (the "Response") to address new arguments based on recent out-of-circuit authority decided after the Report & Recommendation issued. Grindr states in support as follows:

1. Plaintiff's Response raises new arguments predicated on the Third Circuit's decision in *Anderson v. TikTok, Inc.*, 116 F.4th 180 (3d Cir. 2024). A reply is warranted to allow Grindr to respond to this new argument.

    a. Grindr's Objections (Dkt. 65) explain how the Magistrate Judge erred by disregarding Eleventh Circuit and prevailing on-point decisional authority to hold that Section 230 of the Communications Decency Act, 47 U.S.C. § 230(c)(1),

1

does not bar each of Plaintiff's claims.

        b. Taking cues from the Third Circuit's confessedly heterodox decision in *Anderson*, 116 F. 4th at 184 n.13 (admitting "tension" with existing circuit authority), Plaintiff responds by arguing for the first time that *Moody v. NetChoice, LLC*, 144 S. Ct. 2383 (2024)—a decision concerning the First Amendment that does not address or apply Section 230— "chart[s] a new path," Opp. 7, for the application of Section 230's protections.

        c. Plaintiff did not submit *Moody* as supplemental authority while Grindr's motion to dismiss was pending before the Magistrate Judge. Nor did the 115-page Report and Recommendation mention *Moody*, much less rely on it. Further, Plaintiff's attempt to invoke *Anderson* recharacterizes the Complaint's allegations, arguing for the first time that she seeks to hold Grindr liable for its editorial decisions to "promote" profiles like A.V.'s to adult users.

        d. Grindr wishes to respond to these new arguments and explain why neither *Anderson* nor *Moody* applies.

2. Grindr anticipates a reply of no more than seven (7) pages.

3. Given the upcoming Thanksgiving holiday, Grindr respectfully requests twenty-one (21) days from the date of this Motion to file the reply.

4. Pursuant to M.D. Fla. Local Rule 3.01(g), Grindr's counsel conferred with Plaintiff's counsel, who has not consented to the relief requested in this Motion, on the apparent basis that Grindr would not preemptively consent to Plaintiff's filing of a sur-reply.

## MEMORANDUM OF LAW

M.D. Fla. L.R. 3.01(d) contemplates filing of a reply with permission of the Court. This Court can lift the restriction on filing replies to ensure fair and just determination of all proceedings. M.D. Fla. L.R. 1.01(a) & (b). "The purpose of a reply brief is to rebut any new law or facts contained in the oppositions [sic] response to a request for relief before the Court." *Promenades Mall (E&A), LLC v. Allstate Insurance Company*, 2008 WL 11334927 *1 (M.D. Fla. Aug. 12, 2008) (granting leave); *see also Ottaviano v. Nautilus Ins. Co.*, 2009 WL 425976 *1 (M.D. Fla. Feb. 19, 2009) (permitting reply to address cases cited in opposition). This Motion meets the requirements of Local Rule 3.01(d), and Grindr has shown good cause to file a reply.

Grindr thus respectfully requests this Court enter an order permitting Grindr to file a reply to the Opposition that does not exceed seven (7) pages, to be filed within twenty-one (21) days of this Motion.

| | |
|---|---|
| DATED: November 25, 2024 | DAVIS WRIGHT TREMAINE LLP |
| WALTERS LAW GROUP | /s/ *Ambika Kumar* |
| Lawrence G. Walters (Bar #0776599) | Ambika Kumar (*pro hac vice*) |
| 195 W. Pine Ave. | 920 Fifth Avenue, Suite 3300 |
| Longwood, FL 32750-4104 | Seattle, Washington 98104-1610 |
| Telephone: (407) 957-9150 | Telephone: (206) 757-8039 |
| larry@firstamendment.com | ambikakumar@dwt.com |

*Attorneys for Defendant Grindr LLC*

## CERTIFICATE OF SERVICE

The foregoing was filed via CM/ECF, which will serve a copy on all counsel.

  /s/ *Ambika Kumar*
  Ambika Kumar

3