# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

T.V. AS PERSONAL REPRESENTATIVE
OF THE ESTATE OF A.V.,

        Plaintiff,

v.                                  CASE NO.: 3:22-cv-864-MMH-PDB

GRINDR, LLC,

        Defendant.

_____/

**PLAINTIFF'S RESPONSE TO GRINDR LLC'S MOTION FOR LEAVE TO FILE REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO FRCP 72(b)(2) OBJECTIONS**

Plaintiff, T.V. as Personal Representative of the Estate of A.V. ("T.V."), files this Response to Defendant, Grindr, LLC's ("Grindr") Motion for Leave to File Reply (Doc. 71) to Plaintiff's Response in Opposition to FRCP 72(b)(2) Objections (Doc. 70), and states as follows:

1.    Grindr seeks leave to reply in further support of its FRCP 72(b)(2) Objections (Doc. 70) (the "Objections"). With respect to all motions filed in this Court, Local Rule 3.01(d) provides that "[e]xcept for a reply to a motion for summary judgment or a reply brief in a social security case, no party may reply without leave...."

2.    A party moving for leave to file a reply in further support of a motion must show good cause. *Gatti v. Goodman*, No. 16-cv-0728, 2017 WL 11615778 (M.D. Fla. Dec. 11, 2017) (citing *McDonald v. United States*, No. 13-cv-0168, 2013 WL 3901871, at *1 n.3 (M.D. Fla. July 29, 2013)). "The Court will not grant leave

to file a reply brief unless the reply will benefit the Court's resolution of the pending motion." *Gatti*, 2017 WL 11615778 at *2 (citing *Schumann v. Collier Anesthesia, P.A.*, No. 12-cv-3047, 2014 WL 1230644, at *4 n.3 (M.D. Fla. Mar. 25, 2014)).

3. Plaintiff submits that a reply would not assist this Court in adjudicating the Objections and the motion should be denied accordingly. This case has been extensively briefed and the Court issued a thorough report and recommendation spanning over one hundred pages. Grindr has had sufficient opportunity to make its arguments in favor of dismissal.

4. *Anderson v. TikTok, Inc.*, 116 F.4th 180 (3rd Cir. 2024) was a highly publicized and significant case regarding the scope of Section 230 and Grindr was undeniably aware of the opinion and arguments it would be applicable in cases like this one prior to filing the Objections. *See* Citation of Supplemental Authorities (28j Letter) filed by Appellant John Doe, *Doe v. Grindr, Inc.*, No. 24-475 (9th Cir. Aug. 29, 2024), ECF No. 47 (notice of supplemental authority filed by the plaintiff/appellant in a similar suit where Grindr is represented by the same counsel citing and discussing *Anderson*); Citation of Supplemental Authorities (28j Letter) filed by Appellee Grindr Inc., *Doe v. Grindr, Inc.*, No. 24-475 (9th Cir. Sept. 5, 2024), ECF No. 49 (Grindr's response to Doe's citation to and discussion of *Anderson*, **filed prior to the filing of the Objections**); *see also* Supplemental Authority filed by Appellant Mother Doe, *Mother Doe v. Grindr, LLC*, No. 23-13874 (11th Cir. Sept. 18, 2024), ECF No. 43 (notice of supplemental authority filed by the plaintiff/appellant in a similar suit where Grindr is

represented by the same counsel citing and discussing *Anderson*); Response to Supplemental Authority (28J) filed by Appellees Grindr Holdings LLC and Grindr, LLC, *Mother Doe v. Grindr, LLC*, No. 23-13874 (11th Cir. Sept. 27, 2024), ECF No. 44 (response to supplemental authority of plaintiff/appellant citing and discussing *Anderson*).

5. Thus, with full knowledge of the arguments that were raised by Plaintiff in the response, Grindr declined to address them, presumably hoping Plaintiff would overlook the new cases. Leave to file a reply should be reserved for circumstances where a movant could not have reasonably anticipated the law or facts argued by the non-movant in their response. *See generally Tardif v. People for Ethical Treatment of Animals*, No. 09-cv-537, 2011 WL 2729145 (M.D. Fla. Jul. 13, 2011).

6. Further, if this Court disagrees and feels a reply is warranted, Plaintiff believes such a reply should be restricted to a maximum of three (3) pages. Per the motion, Grindr seeks to argue two cases (*Moody* and *Anderson*) which are inapplicable. Seven (7) pages would be excessive for such a purpose.

WHEREFORE, for the reasons stated herein, Plaintiff, T.V. as Personal Representative of the Estate of A.V., respectfully requests this Court enter an order denying the Motion for Leave to File Reply of Defendant, Grindr, LLC's ("Grindr") (Doc. 71) and providing any and all such other relief as this Court deems just and necessary.

Respectfully submitted,

By: /s/ Alexander Brockmeyer
Alexander Brockmeyer, Esq.
Fla. Bar No.: 105758
Boyle, Leonard & Anderson, P.A.
9111 W. College Pointe Drive
Fort Myers, Florida 33919
Telephone: (239) 337-1303
Facsimile: (239) 337-7674
Primary Email:
EService@insurance-counsel.com
Secondary Email:
ABrockmeyer@insurance-counsel.com
Secondary Email:
ADeBouver@insurance-counsel.com
*Counsel for Plaintiff, T.V. as Personal Representative of the Estate of A.V.*

*[Remainder of Page Intentionally Left Blank]*