## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| T.V. AS PERSONAL REPRESENTATIVE OF THE ESTATE OF A.V., <br><br> Plaintiff, <br><br> vs. <br><br> GRINDR, LLC., <br><br> Defendant. | Case No. 3:22-CV-864-WGY-PDB |

### GRINDR LLC'S NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant GRINDR LLC provides notice of the decision in *M.P., by and through Pinckney, v. Meta Platforms, Inc.*, -- F.4th --, 2025 WL 377750 (4th Cir. Feb 4. 2025), which supplements arguments in Grindr's Response to Order for Supplemental Briefing (Dkt. 42) at pg. 2, ¶ 1, line 1 through pg. 4, ¶ 1, line 13, and pg. 7, ¶ 1, line 3 through pg. 8, ¶ 2, line 10; and Grindr's FRCP 72(b)(2) Objections (Dkt. 65) at pg. 3, ¶ 4, line 9 through pg. 6, ¶ 2, line 7. The decision states in relevant part:

> "[A] claim … treats the defendant 'as the publisher or speaker of any information' under § 230(c)(1) if the claim (1) bases the defendant's liability on the disseminating of information to third parties and (2) imposes liability based on the information's improper content." …
>
> [A]cts of arranging and sorting content are integral to the function of publishing. … These decisions, like Facebook's decision to recommend certain third-party content to specific users, have as a goal increasing consumer engagement. … But a newspaper company does not cease to be a publisher simply because it prioritizes engagement in sorting its content. And the fact that Facebook uses an algorithm to achieve the

same result of engagement does not change the underlying nature of the act that it is performing. Decisions about whether and how to display certain information provided by third parties are traditional editorial functions of publishers, notwithstanding the various methods they use in performing that task. …

Because Facebook has chosen to automate much of its editorial decision-making, including the publishing of information that forms the basis of M.P.'s state tort claims before us, those claims are barred by the broad immunity conferred by Section 230. …

*M.P.*, 2025 WL 377750, at *5-6.

| | |
|---|---|
| DATED: February 10, 2025 | DAVIS WRIGHT TREMAINE LLP |
| WALTERS LAW GROUP<br>Lawrence G. Walters (Bar #0776599)<br>195 W. Pine Ave.<br>Longwood, FL 32750-4104<br>Telephone: (407) 957-9150<br>Email: larry@firstamendment.com | /s/ Ambika Kumar<br>Ambika Kumar (*pro hac vice*)<br>Sara A. Fairchild (*pro hac vice*)<br>920 Fifth Avenue, Suite 3300<br>Seattle, Washington 98104-1610<br>Telephone: (206) 757-8039<br>ambikakumar@dwt.com<br>sarafairchild@dwt.com |

*Attorneys for Defendant Grindr LLC*

## CERTIFICATE OF SERVICE

The foregoing was filed via CM/ECF, which will serve a copy on all counsel.

                                            /s/ *Ambika Kumar*
                                            Ambika Kumar